### WILL MILLER v. THE STATE.

No. 2987. Decided March 25, 1904.

**Witness—Pardon.**

A witness for the State, who was shown to have been previously convicted of two felonies, and who was pardoned in one and restored to full citizenship, but who had not been expressly pardoned in the other felony case by the terms of the Governor's certificate of pardon, although the sentence in each case had expired, when the said pardon was issued was not competent to testify, the pardon relating to the particular case mentioned in the Governor's certificate only, and did not cover the other case. Brooks, J., dissenting.

Appeal from the District Court of Dallas. Tried below before Hon. E. B. Muse.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*H. C. Hughes* and *Albert Walker,* for appellant.—The court erred in permitting in evidence the testimony of Ben Ashton, a witness for the State, for the reason that he had never been fully pardoned by the Governor of the offense of assault with intent to murder in two separate cases in which said witness had been convicted and sentenced to the State penitentiary for two separate and distinct terms, as is more fully set out in defendant's bill of exception. Wharton on Crim. Law, p. 492, sec. 561; Stetler's case, 22 Fed. Cases, 1314

*Howard Martin,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at confinement in the penitentiary for a term of two years; hence this appeal.

The State placed Ben Ashton on the stand, and he delivered material

testimony against appellant. The testimony of this witness was objected to on the ground that he had been previously convicted of two offenses—both being assaults with intent to murder. An examination of the record discloses that the witness had been convicted in two cases in the Forty-fourth Judicial District Court (Dallas County) at the November term, 1892, both being assaults with intent to murder, the punishment assessed against him in one case being a term of four years in the penitentiary and the other case a term of three years. It further appears that the witness had served out both terms. On objection by appellant, in order to restore his competency, the State introduced the following pardon, to wit:

"Proclamation by the Governor of the State of Texas. To all to whom these present shall come: Whereas, at the November term, A. D. 1892, in the District Court of Dallas County, State of Texas, Ben Ashton was convicted of the offense of assault to murder and sentenced to the penitentiary for the term of five years; and whereas the papers filed in this case having been examined and considered: Therefore, for the reason that the above named convict has served out his term of sentence in the penitentiary and was discharged therefrom on the 9th day of January, A. D. 1899, with a good prison record and has since deported himself as a good citizen, now, therefore, I, Joseph D. Sayers, Governor of Texas, do, by virtue of authority vested in me by the Constitution and laws of this State, hereby for the reason specified, now on file in the office of the Secretary of State, grant to the above named convict a full pardon and restore him to full citizenship and the right of suffrage.

"In testimony whereof, I have hereunto signed my name and caused the seal of State to be affixed at Austin, this 13th day of February, 1899. [Seal]   Joseph D. Sayers, Governor of Texas. By the Governor:  D. H. Hardy, Secretary of State."

The pardon here introduced is in only one case. But it is contended by the State that inasmuch as it was the evident intent of the Governor in extending executive clemency to restore witness Ashton to full citizenship, that it relates to and covers both offenses. An examination of the authorities discloses that in some cases, where the executive is authorized to extend general amnesty, such action on his part relates to all offenses and restores full citizenship to the party to whom the clemency has been extended. However, this pardon is not of that character, but is a pardon extended in a particular case. Under our Constitution and the laws passed thereunder, the governor is authorized, after conviction to extend a pardon; and the authorities hold that this clemency can be extended after the service and expiration of the sentence, so as to restore the party to full citizenship. We presume that this is because the conviction of a felon, even after sentence, deprives the felon of certain rights of citizenship, and he is still undergoing a part of his punishment. However, we know of no case, and none has been called to our attention, in which a pardon by the Governor can

relate to other cases than that in which the pardon is granted. The cases on this subject appear to hold that the pardon relates to the particular case, and will not cover other cases not mentioned. See 24 Amer. and Eng. Enc. of Law, p. 575; Stetler's case, 22 Fed. Cases, p. 1314, case No. 13,380; United States v. Jones, 26 Fed Cases, 644, No. 15,493; People v. Bowen, 13 Cal., 439. We accordingly hold that the pardon here shown, not referring to and covering both cases, it had effect in only the one case mentioned, and the witness was still under disability as to the other conviction, and his privilege of citizenship not being restored in that case, he was not competent to testify as a witness, and the case must be reversed on that account. We do not deem it necessary to discuss other assignments, but for the error pointed out the judgment is reversed and the cause remanded.

*Reversed and remanded.*

BROOKS, Judge (Dissenting.)—I dissent from the opinion of the majority of the court. Appellant's objections to the pardon seem to be that the same merely recites the fact that he had been convicted once. However, the pardon does recite the restoration of Ben Ashton to full citizenship, and the right of suffrage. In view of the fact that the record discloses he had served out both sentences, and the pardon is dated subsequent to the time both were served out, in my opinion the pardon restores the citizenship of witness Ashton, regardless of the fact that it fails to mention he had been twice convicted.