BOB GRIFFEY V. STATE.

No. 26,732. January 27, 1954.
Appellant's Motion for Rehearing Denied
(Without Written Opinion) March 17, 1954.

*Bernard A. Golding,* Houston, for appellant.

*William H. Scott,* District Attorney, *King C. Haynie,* Assistant District Attorney, Houston, and *Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the possession of barbiturates (a violation of Section 3(e) of Article 726c, V. A. P. C.); the punishment, 30 days in jail and a fine of $250.00.

State Highway Patrolman Mayfield testified that on the day in question he followed appellant's automobile for a distance, ascertained that he was driving 70 miles per hour; that he overtook appellant's automobile, brought him to a stop, caused the appellant to get out and searched his person. Nothing was found on the person of appellant other than a "wad of money." We have recently in Soileau v. State, 156 Tex. Cr. Rep. 544, 244 S. W. 2d 224, and in Brown v. State, No. 26,614, (page 306, this volume), upheld a search of the person of the driver of a motor vehicle who has been arrested for the violation of a traffic law.

The officer then searched the appellant's automobile and there found under the front seat the barbiturates which constitute the basis for the instant prosecution. He gave among his

reasons for such search that he had heard that appellant used some kind of narcotics and had seen appellant's name on a list put out by the Federal, county and city officers of "known violators, safe crackers, narcotic users and such."

We think the facts show sufficient probable cause to authorize the search of the automobile. It is not necessary, therefore, that we pass upon the question of whether or not the search of the automobile was authorized as an incident to the arrest for speeding.

Appellant in his able brief relies upon several opinions of the Supreme Court of the United States, the most recent of which is U. S. v. Di Re, 332 U. S. 581. Such authority is not controlling herein because no search of the automobile was made in that case.

Finding no reversible error, the judgment of the trial court is affirmed.