**Victor Louis NUNEZ, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 23606.**

United States Court of Appeals
Fifth Circuit.

Jan. 4, 1967.

Rehearing Denied Jan. 30, 1967.

Bernard S. Dolbear, New Orleans, La., for appellant.

John C. Ciolino, Asst. U. S. Atty., Louis C. LaCour, U. S. Atty., New Orleans, La., for appellee.

Before GEWIN and GOLDBERG, Circuit Judges, and SPEARS, District Judge.

PER CURIAM:

The appellant, Victor Louis Nunez, and one Peter James Schwander were tried by a jury in the United States District Court for the eastern District of Louisiana and convicted of the possession and improper transfer of an unregistered weapon, a "sawed-off" shotgun, or weapon [1] in violation of the National Firearms Act, 26 U.S.C. §§ 5851, 5814 and 5841. On appellant's motion brought pursuant to 28 U.S.C. § 2255 that portion of the conviction relating to failure to register the weapon was dismissed by the district court and appellant's sentence was amended accordingly.

The pertinent facts may be briefly stated. On the night of March 13, 1964, Nunez and Linda Jean Hendley were riding in an automobile driven by Peter James Schwander when two detectives of the New Orleans Police Department observed the vehicle being driven in a reckless manner. The officers pursued the vehicle for several blocks whereupon Schwander parked the car and he and Hendley alighted. The officers approached the vehicle and found Nunez lying on the front seat and ordered him to get out of the car. The officers then observed a sawed-off shotgun in its case lying near the driver's side of the car, partially beneath the front seat. A search of Nunez disclosed shotgun shells of the same gauge as the weapon. Thereafter, Nunez and Schwander were tried and convicted of the possession and improper transfer of the above described weapon and Nunez appeals from this conviction.

It is contended by the appellant that the conviction is unlawful for the following reasons: (a) there was an unlawful search and seizure; (b) witnesses were permitted to testify concerning past and future criminal activities on the part of appellant which were irrelevant to the crime charged; (c) the jury was erroneously instructed with respect to the specific intent required and evidence of flight as such applied to each defendant separately; (d) there was insufficient evidence to allow the case to be presented to the jury for consideration; and (e) the court permitted the admission of hearsay evidence.

The appellant was represented during the trial by counsel appointed by the court. We are unable to find any merit in the appellant's contention as to the unlawful search and seizure. It was incident to a valid traffic arrest and there was ample evidence to support the conclusion that the weapon involved was clearly visible to the officers without a detailed search of the automobile. The evidence of which the appellant complains with respect to his alleged criminal activities related to the fact that the automobile in which he was riding was allegedly a stolen vehicle. Further, the evidence tended to show that a short time prior to his arrest the appellant had made arrangements to burglarize or "hold up" a place located on Canal Boulevard. This evidence was properly admitted on the theory that it was inevitably a part of the background facts surrounding the commission of the crime for which the defendant was being tried. There were no objections to the instructions of the court and no charges were requested. The court's instructions were full and complete and in our opinion clearly and adequately presented to the jury the issues to be decided. The record discloses ample evidence to support the conviction and we are unable to find any errors in the court's rulings on the admissibility of the evidence presented. After a careful review of the record we are convinced that no errors were committed and that the appellant received a fair and impartial trial.

The judgment is affirmed.

---

1. We describe the firearm in question in general terms. It is more specifically described in the indictment by use of the following language:

"* * * a Savage Arms Company .22 calibre over, .410 gauge under shotgun, having a barrel length of less than eighteen inches and an overall length of less than twenty-six inches, * * *."