**Jimmy Ray CORBIN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41147.**

Court of Criminal Appeals of Texas.

March 27, 1968.

---

1. It appears that 18 cases of beer stored in the "Roman Room" at the time also were confiscated by Inspector Goetz.

Alfred Clyde, Forth Worth (on appeal only), for appellant.

Frank Coffey, Dist. Atty., Gordon Gray and Ron Quillin, Asst. Dist. Attys., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for burglary; the punishment, twelve years.

It was undisputed that a building occupied by the Big State Mercantile Company in the city of Fort Worth was broken into and burglarized.

On the night the burglary was discovered, appellant was stopped and arrested, around 2 a.m., by Officer Gene Pappas, for a traffic violation while driving his automobile upon a public street in the city. At the time, a companion, Rex Denham, was riding with appellant in the front seat. After the automobile was stopped, the arresting officer, with the aid of a flashlight, observed some tools on the back floorboard on the driver's side. The tools consisted of a sledge hammer, a crowbar, two chisels, two screwdrivers, two pairs of pliers, a punch, and also a flashlight. They were later removed from the vehicle after it had been taken to the city hall. A search of appellant at the scene of the arrest by the arresting officer disclosed that he had several rolls of coins in his right front pocket and a large number of coins in his left front pocket. After he was taken to the city jail, appellant was again searched and the rolls of coins, and loose change amounting to $31.29, were taken from his pockets. In addition to the coins and change, a small piece of metal which appeared to be a piece of a lock was found in appellant's pocket. Appellant's companion was also searched and found to have on his person the sum of $781 in currency and some checks payable to the Big State Mercantile Company.

In his first ground of error, appellant insists:

"The trial court erred in admitting into evidence anything that transpired after the arrest with reference to what was found in the defendant's car, or on his person, because under the facts, the arrest was illegal per se, and without just cause."

Preston v. United States, 376 U.S. 364, 84 S.Ct. 81, 11 L.Ed.2d 777, is relied upon by appellant in support of his contention that the search of his automobile was unlawful.

It should be pointed out that the tools on the back floorboard of appellant's automobile were in open view of the officer when he went to the vehicle after stopping appellant. Although later removed from the vehicle at the city hall, the tools were not, in fact, obtained as the result of a search. See: Nunez v. United States, 370 F.2d 538 (Fifth Circuit, 1967); Miller v. United States, 356 F.2d 63 (Fifth Circuit, 1966); Gizzo v. State, 160 Tex.Cr.R. 593, 272 S.W.2d 898; Giacona v. State, Tex.Cr. App., 372 S.W.2d 328, cert. denied, 375 U.S. 843, 84 S.Ct. 92, 11 L.Ed.2d 70. Such facts distinguish the case from Preston v. United States, supra, where the evidence was obtained as a result of the search of an automobile at a later time and at another place following the arrest of the accused and his companions after it was taken to the police station and towed to a garage.

In relating the facts and circumstances surrounding appellant's arrest, Officer Pappas testified that he first observed appellant's automobile around 2 a.m. when it was stopped at a street intersection. It appeared to him that a man had gotten out of the car, and was standing near a coin-operated paper rack—which aroused the officer's suspicions, because he thought "they" were possibly trying to steal or break into it. He then

followed the automobile as it was driven away and did not stop appellant until he clocked him driving forty miles per hour in a thirty-mile zone. The officer testified that when he first went to appellant's automobile he asked for his driver's license, and appellant replied that "he did not have any." The officer looked into the car and saw the tools on the back floorboard. He then had appellant get out of the car and, when he did, the officer observed a bulge in his right front pocket. The officer thought it was possibly a weapon. He then searched appellant and found the rolls of coins and a large amount of change in his pockets. He did not take the coins or change at the time, and placed appellant in the patrol car.

About that time another officer drove up and appellant, after saying, "to hell with this," jumped out of the car and started running. Officer Pappas gave pursuit and apprehended him after he had run some hundred yards. Appellant was returned to the scene and, with his companion, was taken to the city jail, where the evidence in question was taken from his person by a jail officer in the presence of Officer Pappas.

Officer Pappas testified that he stopped appellant for speeding and "also for being suspicious [sic]" and that after taking appellant to the city jail he issued two traffic tickets, one for speeding and one for "no operator's license," and placed them in appellant's belongings after he was placed in jail.

Appellant swore that he was not, on such occasion, speeding and driving his automobile in excess of thirty miles per hour.

■ The trial judge resolved the disputed issue against appellant and, under the facts, did not err in admitting the evidence of appellant's arrest and search on the occasion in question. Under the record, the search of appellant's person was legal, being incident to his lawful arrest for a traffic violation. Soileau v. State, 156 Tex.Cr.R. 544, 244 S.W.2d 224; Brown v. State, 159 Tex.Cr.R. 306, 263 S.W.2d 261; Griffey v.

State, 159 Tex.Cr.R. 141, 265 S.W.2d 115; Richardson v. State, 163 Tex.Cr.R. 585, 294 S.W.2d 844.

The ground of error is overruled.

■ In his second ground of error, appellant insists that the court erred in admitting the evidence of his arrest and search because it was not shown that he was taken before a magistrate, as required by Art. 14.-06 of the Code of Criminal Procedure.

No objection appears to have been made by appellant to any evidence at the trial on such ground. In his brief, appellant cites no authority in support of his contention but argues that the provisions of Art. 14.06 are mandatory and that it was incumbent upon the state to show a compliance with the statute or demonstrate why it could not be complied with prior to the time the search was made. We do not agree. A failure to comply with the provisions of Art. 14.06, supra, does not vitiate a search made incident to a lawful arrest. As we understand the provisions of Art. 14.06, supra, the purpose of taking an accused before a magistrate is for the magistrate to give him the warnings and discharge the duties required by Art. 15.17 of the Code. Such warnings are not prerequisite to the search of the person of the accused.

The ground of error is overruled.

In his third and last ground of error, appellant complains of the court's charge on guilt or innocence.

■ The record reflects that appellant's objections to the charge were dictated to the court reporter by counsel at the close of the evidence on the issue of guilt or innocence. In Smith v. State, Tex.Cr.App., 415 S.W.2d 206, we held that such practice was not in compliance with Arts. 36.14 and 36.15, C.C. P., which provide that objections and requested charges must be made in writing. Appellant's complaint to the court's charge is therefore not properly before us for review.

The judgment is affirmed.

MORRISON, Judge (concurring).

In addition to the authorities cited in the majority opinion relating to the officer's authority to search for what appeared to be a weapon in appellant's pocket, we call attention to the following cases: United States v. Washington, 249 F.Supp. 40 (N.D.Ill.1965); People v. Thomas, 31 Ill.2d 212, 201 N.E.2d 413, cert. den. 380 U.S. 936, 85 S.Ct. 948, 13 L.Ed.2d 824 (1965); Brinegar v. State, 97 Okl.Cr. 299, 262 P.2d 464 (1953); State v. Scanlon, 84 N.J.Super. 427, 202 A.2d 448 (1964); Elliott v. State, 173 Tenn. 203, 116 S.W.2d 1009 (1938).

ONION, J., joins me in this concurrence.