**Earl Gene LOGAN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 42339.**

Court of Criminal Appeals of Texas.

Nov. 19, 1969.

Rehearing Denied Jan. 14, 1970.

Jack Hazlewood, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Amarillo, Hugh Russell, Asst. Dist. Atty., Amarillo, and Jim Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of burglary tools by a convicted felon under Article 1402b, Vernon's Ann.P.C.; the punishment, one year in the Department of Corrections.

Appellant's first contention is that the statute in question (Article 1402b, V.A. P.C.) is unconstitutional.

This Court has held that the statute which denounces the carrying of a pistol by certain ex-convicts (Article 489c, V.A.P.C.) is constitutional in Castillo v. State, Tex. Cr.App., 411 S.W.2d 741, and appellant concedes that such holding is sound, but insists that the statute before us here is vague and indefinite and deprives the citizens of liberty other than by the due course of the law. Both the State and the appellant in their briefs discuss the holdings of the Kansas Supreme Court in State v. Hart, 200 Kan. 153, 434 P.2d 999, and the New Mexico Supreme Court's opinion in State v. Lawson, 59 N.M. 482, 286 P.2d 1076, in which the Supreme Courts of our sister states have had an opportunity to discuss the constitutionality of statutes which denounce the possession of burglary tools. The phrase in Article 1402b, V.A.P.C., which is quoted below, clearly brings our case within the holdings of said court:

> " * * * under circumstances evincing an intent to use or employ or allow the same to be used or employed, in the commission of burglary or safe-cracking, or knowing that the same are intended to be so used."

We adhere to the reasoning of the majority in Castillo v. State, supra, and overrule appellant's contentions.

We further overrule his contention that the Indictment should have been quashed because it failed to allege that appellant had the tools with specific intent to commit a burglary.

Appellant only by inference and without citation of authority does raise what appears to be a question of first impression. He tendered proof that in 1964 he was pardoned by the Governor of this State for six cases, two of which were

clearly felonies. This proof was rejected by the trial courts. This offense was committed in 1967. This question becomes so important because it is jurisdictional in that if the pardon was predicated upon a finding by the executive department of this State that appellant was not guilty of the offense for which he was convicted then there would be no offense. We must therefore look with care to the terms of the pardon. This pardon recites:

"He has been represented as being worthy of being restored all civil rights."

We were aided in our solution of this question by the exhaustive opinion by Circuit Judge Goldberg writing for the Fifth Circuit in Gurleski v. United States, 405 F.2d 253. We quote:

"A pardon for any other reason than subsequent proof of innocence does not obliterate the defendant's previous transgressions * * *."

In reliance upon such authority and the prior holding of this Court in Jones v. State, 141 Tex.Cr.R. 70, 147 S.W.2d 508, we overrule appellant's contention that the court erred in refusing to permit the pardon to be introduced into evidence.

Appellant's contention that the court erred in denying his motion to suppress the fruits of the search of the pickup truck will require more discussion. The trial court examined the testimony of the arresting officers and a transcript of the police broadcast immediately prior to arrest. They both definitely establish probable cause authorizing the arrest and search under our holdings in Griffey v. State, 159 Tex.Cr.R. 141, 265 S.W.2d 115; Baray v. State, 167 Tex.Cr.R. 456, 321 S.W.2d 87, and Jones v. State, 171 Tex.Cr.R. 608, 352 S.W.2d 270.

■ We further overrule appellant's contention made without citation or authority that the court should have defined in its charge the terms, "commonly used in commission of burglary or safecracking."

■ We overrule his contention that the court erred in failing to instruct the jury that the "defendant must have had a specific intent to commit a specific burglary."

We find no merit in his contention that the court should have instructed the jury that the appellant had the exclusive possession of the electric drill and bolt cutters involved.

No charge on circumstantial evidence was required.

■ This case is readily distinguishable from Summerville v. State, 164 Tex.Cr.R. 591, 301 S.W.2d 913, because the officers had information that three white males driving a certain numbered pickup truck and who were suspected of burglarizing a beer distributorship in Odessa and Big Spring had been "casing" a beer distributorship in Amarillo. Upon seeing such a vehicle violating a traffic law, the officer brought the vehicle to a halt, and while checking the driver's identity, he saw a pistol in the open glove compartment. This constituted sufficient probable cause to authorize a search of the entire automobile which disclosed burglary tools and additional firearms.

■ We find no merit in appellant's contention not supported by authority that the court erred in instructing the jury on the law of principles.

■ The question is raised as to the qualifications of Officer Fields to testify that the tools which he found were "commonly used for the commission of burglary or safecracking." Officer Fields testified that he had been a detective with the Amarillo Police Department since 1961 and had been assigned to the "business burglary investigation" division for approximately six years and had been involved in approximately five thousand cases and described in detail how a safe is normally entered. We conclude that he was eminently qualified to testify as to the nature of the tools which were introduced in evidence.

 

Mrs. Meinert's testimony as to the suspiciousness of the appellant and his companions was thoroughly justified by the information she had received in a call from a fellow beer distributor and a letter from the Executive Director of the Wholesale Beer Distributors of Texas, instructing her to beware of three white men last known driving a pickup. The letter described in detail the description of the men and their *modus operandi* in burglarizing various beer distributorships around the State. This evidence was heard by the court in the pre-trial hearing on the motion to suppress. We overrule appellant's contention that in defining the offense in his charge the court followed the statute. We find that in applying the facts to the case the court followed the allegations of the Indictment.

The judgment is affirmed.