**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Peter James SCHWANDER, Defendant-**
**Appellant.**

**No. 28335**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Jan. 8, 1970.

William L. Crull, III, New Orleans, La., for appellant.

Louis C. LaCour, U. S. Atty., George P. Hand, Jr., Asst. U. S. Atty., New Orleans, La., for appellee.

Before BELL, AINSWORTH, and GODBOLD, Circuit Judges.

PER CURIAM:

Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 5 Cir., 1969, 409 F.2d 804, Part I; and Huth v. Southern Pacific Company, 5 Cir., 1969, 417 F.2d 526, Part I.

This is an appeal from a judgment of conviction on three counts of an indictment charging appellant with violations of the National Firearms Act. Count I charged a violation of 26 U.S.C.A. §§ 5851 and 5861 by possession of a fire-

arm, as defined in 26 U.S.C.A. § 5848(1), which had been transferred without payment of a transfer tax as required by 26 U.S.C.A. § 5811. Count II charged possession of a firearm transferred without written order as required by 26 U.S.C.A. § 5814, in violation of 26 U.S.C.A. §§ 5851 and 5861, Count III charged a violation of 26 U.S.C.A. §§ 5851 and 5861 through possession of a firearm not registered with the Secretary of the Treasury as required by 26 U.S.C.A. § 5841.

The judgment of conviction was entered in 1964. A co-defendant sought relief under 28 U.S.C.A. § 2255. In the co-defendant's action in the district court the government confessed error as to Count III on the basis of Lovelace v. United States, 5 Cir., 1966, 357 F.2d 306. However, the district court upheld the conviction of the co-defendant under Counts I and II in the face of a claim of insufficiency of the evidence, and we affirmed. Nunez v. United States, 5 Cir., 1967, 370 F.2d 538. Appellant in the instant case then sought collateral relief. Finding an inadequacy of counsel in relation to appellant's effort to appeal, we reversed and remanded for an out of time appeal. Schwander v. United States, 5 Cir., 1967, 386 F.2d 20.

The government concedes, here as in *Nunez,* that Count III of the indictment should be dismissed on the authority of Lovelace v. United States, supra. See also Haynes v. United States, 1968, 388 U.S. 908, 87 S.Ct. 2130, 18 L. Ed.2d 1347. The government also concedes that there was insufficient evidence to warrant a conviction on Counts I and II. This concession is based on the lack of evidence of a firearm covered by 26 U.S.C.A., § 5848(1).

Based upon an independent examination of the record, we conclude that the government's confession of error is in order. The judgment of conviction is reversed and the district court is directed to dismiss the indictment.

Reversed with direction.