

# The Attorney General
# of Texas

## Austin, Texas 78711

JOHN L. HILL
TORNEY GENERAL

April 18, 1975

The Honorable Dolph Briscoe
Governor of Texas
State Capitol Building
Austin, Texas 78711

Dear Governor Briscoe:

Opinion No. H- 587

Re: Difference between
"pardon" and "restora-
tion of citizenship" under
article 42.12, section 24,
Code of Criminal Procedure.

You request our opinion as to the distinction, if any, between a "pardon" and "restoration to citizenship." Article 42.12, section 24, Texas Code of Criminal Procedure, provides as follows:

> Whenever any prisoner serving an indeterminate sentence, as provided by law, shall have served for twelve months on parole in a manner acceptable to the Board, it shall review the prisoner's record and make a determination whether to recommend to the Governor that the prisoner be pardoned and finally discharged from the sentence under which he is serving.
>
> When any prisoner who has been paroled has complied with the rules and conditions governing his parole until the end of the term to which he was sentenced, and without a revocation of his parole, the Board shall report such fact to the Governor prior to the issuance of the final order of discharge, together with its recommendations as to whether the prisoner should be restored to citizenship. (Emphasis added).

In your letter, you indicate that the Texas Board of Pardons and Paroles forwards cases to you with the recommendation that some individuals be granted a "full pardon" and that some be restored to "full rights of citizenship only." You ask, "what rights are restored by the grant of a 'full pardon' and what rights are restored by a 'restoration of full rights of citizenship' only."

Conviction for a felony in Texas carries with it, besides a judicially determined punishment, a deprivation of certain rights of citizenship.  Tex. Const. art. 16, sec. 2; Election Code, arts. 1.05 (holding office) and 5.01 (voting); art. 2133, V. T. C. S. (serving on trial juries); Code Crim. Proc., arts. 19.08, 35.12, 35.16 (serving on grand and petit juries). Additionally, conviction of a felony (and in some cases, a certain type of misdemeanor) bars entry into and continuance in a great number of businesses and professions. See e.g., art. 311, V. T. C. S. (the practice of law); art. 581-14, V. T. C. S. (security dealer or salesman); and art. 8451a, V. T. C. S. (cosmetology).

The Governor has been granted the power to pardon convicted felons on the recommendation of the Board of Pardons and Paroles.  Tex. Const. art. 4, sec. 11; Code Crim. Proc. art. 48.01.  As early as 1881 and as recently as 1973, Texas courts have attempted to describe the legal effects of a pardon.  Rivers v. State, 10 Tex. Crim. 177, 182 (1881), quoting section 762 of 1 Bishop Criminal Law (4th ed.), stated:

> The effect of a full pardon is to absolve the party
> from all the legal consequences of his crime and
> of his conviction, direct and collateral, including
> the punishment, whether of imprisonment, pecu-
> niary penalty, or whatever else the law has pro-
> vided.

But there are limitations to the effect of a pardon.  In Jones v. State, 147 S. W. 2d 508 (Tex. Crim. App. 1941), the court overruled its prior holdings and held that a pardon does not negate the fact that a crime was committed and therefore, the prior pardoned conviction may be used for enhancement purposes.  The court explained:

> He [executive] can pardon, but, 'as the very essence
> of a pardon is forgiveness or remission of penalty,
> a pardon implies guilt; it does not obliterate the fact
> of the commission of the crime and the conviction
> therefor; it does not wash out the moral stain.  As
> has been tersely said, "it involves forgiveness and
> not forgetfulness." '

          . . .

> In our state, as in the other states of the Union,
> the executive is not given appellate jurisdiction
> over the acts of the judicial branch of the govern-
> ment, and without which he can have no power to
> destroy its judgments and decrees.  He must take
> them as he finds them.
>
> . . .
>
> The Governor can forgive the penalty, but he has no
> power to direct that the courts shall forget either
> the crime or the conviction.  The pages written by
> the court's decree are in the minutes still.

In Logan v. State, 448 S. W. 2d 462, 464 (1970), the Court of Criminal Appeals elucidated its pronouncement in Jones, by observing that a prior conviction could not be used to enhance where:

> . . . the pardon was predicated upon a finding by
> the executive department . . . that appellant was
> not guilty of the offense for which he was convicted
> . . . (because) there would be no offense . . .
> (however) . . . .
>
>> ' [a] pardon for any other reason than
>> the subsequent proof of innocence does
>> not obliterate the defendant's previous
>> transgressions . . .'

The word "pardon" when not otherwise qualified by "conditional" or "partial" and the term "full pardon" are one and the same so far as their legal effect is concerned, unless the pardon is granted because the prisoner is not guilty of the offense for which he was convicted.  Carr v. State, 19 Tex. Crim. 635, at 663 (1885).

A pardon restores all civil rights lost because of the pardoned conviction --suffrage, holding office, and competency as a juror.  Easterwood v. State, 31 S. W. 294 (Crim. App. 1895) held that a pardoned felon may sit as a juror and vote in the elections.  Even though there are no cases which specifically hold that a pardon by the Governor restores the right to hold office, the 1967 amendment to article 1.05 of the Election Code couches its restriction against felons in terms of voting disabilities, and therefore those cases holding that a

felon is restored his voting rights by a "full pardon" apparently are also authority for the proposition that a felon is restored his right to seek and hold office.   Attorney General Opinion M-1184 (1972) held that under article 780 of the 1925 Code of Criminal Procedure and section 7 of article 42.12 of the 1965 Code of Criminal Procedure, a convicted felon may have his rights of citizenship restored.   Once these rights are restored, the person is eligible to hold office.

Article 6252-25, V.T.C.S., provides for compensation to persons wrongfully convicted who secure a pardon, and who prove by a preponderance of the evidence that they are not guilty of the crime for which they were convicted.   A restoration of civil rights alone may not satisfy the terms of said article.

A pardon or restoration of citizenship will not automatically restore collateral privileges associated with a license to engage in certain businesses or professions, but either may open the door to reinstatement.   Hankamer v. Templin, 187 S.W.2d 549 (Tex.Sup. 1945).

Restoration of civil rights has not been defined in case law and appears only in section 24 of article 42.12, as stated above.   See Code Crim. Proc. art. 48.01, et seq.   Section 24 applies only to prisoners on parole or who have completed their paroles.   By the terms of the statute, for those prisoners who are still serving on parole, the Board may "recommend to the Governor that the prisoner be pardoned;" for those prisoners who have completed their parole, the Board may recommend that the prisoner be "restored to citizenship."

However, the Governor has the constitutional power to grant a pardon to a paroled prisoner who has completed his parole, despite the language in section 24.   Tex.Const. art. 4, section 11; Code Crim. Proc., art. 48.01; State ex rel Smith v. Blackwell, 500 S.W.2d 97 (Crim.App. 1973); Hunnicutt v. State, 18 Tex.Crim. 498 (1885).

There is no indication in section 24 of a difference between the recommendation of pardon or restoration of citizenship other than the status of the paroled prisoner to which they apply.

In view of the absence of express language in the pardon so stating, Texas does not ascribe a sense of moral forgiveness to a pardon; therefore, a pardon and restoration of citizenship reinstate the same rights under section 24 of article 42.12 of the Code of Criminal Procedure.   See, Logan v. State, supra; Jones v. State, supra.

## SUMMARY

For the purposes of article 42.12, section 24, Code of Criminal Procedure, there is no difference in the rights reinstated by a pardon or a restoration to citizenship.

A restoration to citizenship might not satisfy the terms of article 6252-25, V. T. C. S., which require a pardon and a proof of innocence for an award of compensation to a wrongfully convicted person.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee