

# The Attorney General of Texas

November 12, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4624 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

1309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Robert C. Koehl
Atascosa County Attorney
Jourdanton, Texas 78026

Opinion No. MW-270

Re: Whether a convicted felon who has received a full pardon may serve as a peace officer

Dear Mr. Koehl:

You have asked whether a convicted felon who has been granted a full and unconditional pardon by the governor of Texas is eligible to be certified as a peace officer by the Texas Commission on Law Enforcement Officer Standards and Education. Article 4413(29aa), V.T.C.S., provides in section 8A(a) that "[n]o person who has been convicted of a felony under the laws of this state, another state, or the United States may be certified by the Commission as qualified to be a peace officer...." Therefore, the answer to your inquiry is dependent upon the legal effect of a full and unconditional pardon granted by the governor pursuant to article IV, section 11 of the Texas Constitution and article 48.01 of the Texas Code of Criminal Procedure.

The legal effect of a pardon has been addressed by both the Supreme Court of Texas and the Texas Court of Criminal Appeals, with each court reaching the same conclusion. In determining that a prior conviction for which the defendant had received a full pardon could be used for enhancement of a subsequent offense, the Court of Criminal Appeals recognized the power of the governor to grant a pardon:

> but, 'as the very essence of a pardon is forgiveness or remission of penalty, a pardon implies guilt; it does not obliterate the fact of the commission of the crime and the conviction therefor; it does not wash out the moral stain. As has been tersely said, "it involves forgiveness and not forgetfulness."'

Jones v. State, 147 S.W. 2d 508, 510 (Tex. Crim. App. 1941), citing 46 C.J. Pardons §32, at 1193; United States v. Swift, 186 F. 1002 (D.Ill. 1911); Sipanek v. State, 272 S.W. 141 (Tex. Crim. App. 1925). "[T]he conviction was not obliterated by the pardon, but remained a fact in the past history of the defendant." 147 S.W. 2d at 510.

The case of Jones v. State, supra, was cited with approval by the Supreme Court of Texas in Hankamer v. Templin, 187 S.W. 2d 549 (Tex. 1945), which determined that a disbarred attorney who had received a full pardon and restoration of citizenship was not entitled to reinstatement of his law license, which had been revoked because of his conviction for a felony. The supreme court observed that "the right to practice law is not a personal right, but a franchise, or privilege." 187 S.W. 2d at 551.

The Court of Criminal Appeals has likewise determined that a full pardon did not preclude the admission of evidence of the pardoned offense to prove possession of burglary tools by a convicted felon. Logan v. State, 448 S.W. 2d 462 (Tex. Crim. App. 1969). The court re-affirmed its decision in Jones v. State, supra, and quoted from an opinion by Judge Goldberg in Gurleski v. United States, 405 F. 2d 253 (5th Cir. 1968), that "[a] pardon for any other reason than subsequent proof of innocence does not obliterate the defendant's previous transgressions." 448 S.W. 2d at 464.

In Ex parte Smith, 548 S.W. 2d 410 (Tex. Crim. App. 1977), a prior conviction for which the defendant had been pardoned, for reasons other than subsequent proof of innocence, was held to be admissible to deny bail to an habitual offender. Likewise, in the absence of a showing that a pardon had been granted for subsequent proof of innocence, evidence of the pardoned offense was held to be admissible to prove possession of a firearm by a convicted felon in Runo v. State, 556 S.W. 2d 808 (Tex. Crim. App. 1977). A similar decision was reached in Watkins v. State, 572 S.W. 2d 339 (Tex. Crim. App. 1978), wherein the court held that a pardon granted for any reason other than subsequent proof of innocence did not preclude use of the pardoned offense in barring the defendant's right to receive a probated sentence in a subsequent criminal proceeding.

The United States Court of Appeals for the Fifth Circuit has adopted the rationale of Jones v. State, supra, in holding that a pardon granted for any reason other than subsequent proof of innocence would not be effective to preclude use of the pardoned offense for enhancement of a subsequent offense. Donald v. Jones, 445 F. 2d 601 (5th Cir.), cert. denied, 404 U.S. 992 (1971). The Fifth Circuit has also held that evidence of such a pardoned offense would be admissible for impeachment purposes at the defendant's trial for a subsequent offense. Gurleski v. United States, 405 F. 2d 253 (5th Cir. 1968), cert. denied, 395 U.S. 981, rehearing denied sub nom. Smith v. United States, 396 U.S. 869 (1969).

In summary, the foregoing decisions establish that a prior conviction for which the defendant has received a full pardon, absent a showing that such pardon was granted for subsequent proof of innocence, may be utilized for purposes of (1) enhancement, (2) impeachment, (3) denial of bail to an habitual offender, (4) denial of probation, (5) denial of a license to practice law, (6) proving possession of a firearm by a felon and (7) proving possession of burglary tools by a felon.

It is generally recognized that a pardon is effective to restore certain rights of citizenship, e.g., suffrage, jury service, and holding public office. See Easterwood v. State, 31 S.W. 294 (Tex. Crim. App. 1895); Election Code art. 1.05. This office has

previously determined that there is no difference between the civil rights reinstated by a "pardon " and a "restoration of citizenship" under article 42.12, section 24 of the Texas Code of Criminal Procedure. See Attorney General Opinion H-587 (1975). Although section 24 of article 42.12 has been subsequently amended, and the reference to "restoration of citizenship" has been deleted, we believe the legal effect of a pardon to be synonymous with a restoration of rights of citizenship. Therefore, it must be determined whether certification as a peace officer is a personal right embodied in "rights of citizenship" which are effectively restored to a convicted felon by the granting of a full and unconditional pardon.

As the Supreme Court of Texas observed in Hankamer v. Templin, supra, the right to practice law is not a personal right; rather, it is a franchise or privilege conferred by the state only for merit. The right to practice law in this state is attested by a law license issued by the Supreme Court of Texas and is protected by registration. An individual may not legally practice law without taking the statutory oath of office and becoming an officer of the court, subject to its discipline, liable for contempt for violation of duty, and subject to suspension or removal for misconduct. 187 S.W. 2d at 55. It cannot be said that a license to practice law is a right of citizenship open to all regardless of qualification; rather, a law license is in the nature of a franchise or privilege conferred by the state only for merit and subject to revocation or denial for just cause. We believe that certification as a peace officer is, like a law license, not a right but a franchise or privilege conferred by the state only for merit.

We have recently determined that denial of certification as a peace officer because of a prior conviction resulting in a probated sentence did not constitute a "penalty" or "disability" from which the convicted felon could be released upon discharge from probation pursuant to article 42.12, section 7 of the Texas Code of Criminal Procedure. See Attorney General Opinion MW-148 (1980). We there observed that the disciplining of licensees is for the protection of the general public and not for the purpose of punishing any licensee. See, e.g., Copeland v. Department of Alcoholic Beverage Control, 50 Cal. Rptr. 452 (Cal. Ct. App. 1966); see also Meyer v. Board of Medical Examiners, 206 P. 2d 1085 (Cal. 1949); In re Phillips, 109 P. 2d 344 (Cal. 1941); Cooper v. Texas Board of Medical Examiners, 489 S.W. 2d 129 (Tex. Civ. App. - El Paso 1972, writ ref'd n.r.e.).

Accordingly, we do not construe certification as a peace officer to be a right of citizenship subject to restoration after conviction by a pardon. It is therefore our opinion that a full and unconditional pardon, unless granted for subsequent proof of innocence, would not entitle a convicted felon to be certified as a peace officer, in view of the prohibition of section 8A(a) of article 4413(29aa).

## SUMMARY

A pardon granted for any reason other than subsequent proof of innocence would not entitle a convicted felon to be certified as a peace officer.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Gerald C. Carruth
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Gerald C. Carruth
Rick Gilpin