

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

May 31, 1995

Mr. Victor Rodriguez
Chair
Texas Board of Pardons and Paroles
P.O. Box 599
Huntsville, Texas 77342

Opinion No. DM-349

Re: Whether a person who has successfully completed deferred adjudication community supervision and who has been discharged after dismissal of charges pursuant to section 5(c) of article 42.12 of the Code of Criminal Procedure is eligible to apply to the Board of Pardons and Paroles for a pardon (RQ-683)

Dear Mr. Rodriguez:

Your predecessor asked this office whether a person who has successfully completed deferred adjudication community supervision and who has been discharged after dismissal of charges pursuant to section 5(c) of article 42.12 of the Code of Criminal Procedure is eligible to apply to the Board of Pardons and Paroles (the "board") for a pardon. The board exists by virtue of article 42.18 of the Code of Criminal Procedure (the "code") and the mandate of section 11(a) of article IV of the Texas Constitution. Subsection (b) of section 11 and code article 48.01 both provide in pertinent part as follows:

> In all criminal cases, except treason and impeachment, the Governor shall have power, *after conviction*, on the written signed recommendation and advice of the Board of Pardons and Paroles, or a majority thereof, to grant reprieves and commutations of punishments and pardons . . . .

Tex. Const. art. IV, § 11(b) (emphasis added); Code Crim. Proc. art. 48.01 (emphasis added).[1]

---

[1] The constitutional limitation permitting the governor to grant a pardon only "after conviction" has appeared in the executive clemency provision of every Texas constitution since that of 1845. *Snodgrass v. State*, 150 S.W. 162, 172 (Tex. Crim. App. 1912); *see* Tex. Const. art. VI, § 4 (1836) ("[The President] shall have power to remit fines and forfeitures, and to grant reprieves and pardons, except in cases of impeachment"); Tex. Const. art. V, § 11 (1845) ("In all criminal cases, except in those of treason and impeachment, [the Governor] shall have power, after conviction, to grant reprieves and pardons"); Tex. Const. art. V, § 11 (1861) (same as 1845 provision); Tex. Const. art. V, § 11 (1866) (same as 1845 provision); Tex. Const. art. IV, § 11 (1869) ("In all criminal cases, except treason and impeachment, [the Governor] shall have power, after conviction, to grant reprieves and pardons"). The governor's clemency power differs from that granted to the president in the United States Constitution in that the latter has no postconviction limitation. *See* U.S. Const. art. II, § 2, cl. 1 ("The President . . . shall have Power to grant Reprieves and Pardons for Offenses against the United States, except in Cases of

Your predecessor explained that persons who have successfully completed deferred adjudication community supervision are seeking full pardons[2] after the dismissal of their criminal charges pursuant to code article 42.12, section 5(c). These persons apparently wish to benefit from the pardons they seek by obtaining expunction of their arrest records. *See* Code Crim. Proc. art. 55.02 (setting forth procedure for expunction). They would claim in a petition for expunction that they are entitled to such relief under code article 55.01(a)(1)(B), which provides as follows:

> (a) A person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if:
>
> (1) the person is tried for the offense for which the person was arrested and is:
>
> . . . .
>
> (B) convicted and subsequently pardoned . . . .

Your predecessor asked whether the requirement of a "conviction" in the above-quoted constitutional and statutory pardon provisions disqualifies these persons from pardon eligibility for the reason that they have not undergone an "adjudication of guilt," *id.* art. 42.12, § 5(c). Your predecessor explained the reason for this question in part as follows: "Since there is no conviction when charges are dismissed, our staff questions whether the policy of accepting applications for full pardons is appropriate when there is no conviction."

Subsections (a) to (c) of section 5 of code article 42.12 provide in part as follows (with emphasis added):

> (a) Except as provided by Subsection (d) of this section, when in the judge's opinion the best interest of society and the defendant will be served, the judge may, *after receiving a plea of guilty or plea of nolo contendere, hearing the evidence, and finding that it substantiates the defendant's guilt*, defer further proceedings without entering an adjudication of guilt, and place the defendant on community supervision. . . .

---

(footnote continued)

Impeachment"). The president's constitutional pardon power "may be exercised at any time after [the] commission [of an offense], either before legal proceedings are taken, or during their pendency, or after conviction and judgment." *Ex parte Garland*, 71 U.S. 333, 380 (1866).

[2]We assume your predecessor was not concerned with pardons based on findings of actual innocence, and no references to pardons in this opinion are intended to include pardons based on actual innocence unless we specify otherwise. *See infra* notes 5 and 6 and accompanying text.

(b) On violation of a condition of community supervision imposed under Subsection (a) of this section, the defendant may be arrested and detained as provided in Section 21 of this article. The defendant is entitled to a hearing limited to the determination by the court of whether it proceeds with an adjudication of guilt on the original charge. No appeal may be taken from this determination. After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

(c) On expiration of community supervision imposed under Subsection (a) of this section, if the judge has not proceeded to adjudication of guilt, *the judge shall dismiss the proceedings against the defendant and discharge him.* ...

We are of the opinion that a person charged with a criminal offense who has successfully completed deferred adjudication community supervision is not eligible to apply to the board for a pardon, but we believe it is unnecessary to determine whether deferred adjudication involves a "conviction" in order to reach this conclusion. If a finding of substantiated guilt under section 5(a) of code article 42.12 is not a "conviction" for purposes of the governor's constitutional pardon power, then the governor has no power to grant a pardon for the offense for which the defendant was found guilty because the pardon could not be granted "after conviction," Tex. Const. art. IV, § 11(b). On the other hand, if a finding of substantiated guilt is a "conviction," then for the following reasons a subsequent dismissal of the proceeding without an "adjudication of guilt" pursuant to section 5(c) would remove the matter from the governor's pardon power.

Subsection (c) continues after the above-quoted passage to provide that, generally, "[a] dismissal and discharge under this section may not be deemed a conviction for the *purposes of disqualifications or disabilities imposed by law for conviction of an offense,*" but that the defendant's prior receipt of deferred adjudication community supervision may be considered in the punishment phase of a prosecution for a subsequent offense, Code Crim. Proc. art. 42.12, § 5(c)(1); *see id.* art. 37.07, § 3, or in the process of determining whether to issue, renew, deny, or revoke either of the following:  a license to operate a child-care facility or child-placing agency, *id.* art. 42.12, § 5(c)(2); *see* Hum. Res. Code ch. 42, or a license or registration to provide rehabilitative mental health or medical services to sex offenders, Code Crim. Proc. art. 42.12, § 5(c)(3); *see* V.T.C.S. art. 4413(51).[3] We are of the opinion that none of the provisions in subsection (c) establish penalties or disabilities that are within the governor's power to forgive by pardon.

---

[3]Subsection (c) is set forth in its entirety below:

(c) On expiration of a community supervision period imposed under Subsection (a) of this section, if the judge has not proceeded to adjudication of guilt, the judge shall dismiss the proceedings against the defendant and discharge

A pardon (other than one based on a finding of actual innocence) can relieve a person only from the punishment that the law attaches to the commission of a crime.

> Clemency power is vested in the Governor to the extent only that he can remit fines imposed which remain uncollected and discharge the convict from further penal service. . . .
>
> . . . .
>
> The Governor can forgive the penalty, but he has no power to direct that the courts shall forget either the crime or the conviction.

*Jones v. State*, 147 S.W.2d 508, 511 (Tex. Crim. App. 1941). Any rights of citizenship that were lost as a result of the conviction constitute a part of the punishment for the crime, so the governor also may restore such rights by pardon. *Miller v. State*, 79 S.W. 567, 567-68 (Tex. Crim. App. 1904) (pardon restores testimonial competency[4]); *see Easterwood v. State*, 31 S.W. 294, 296 (Tex. Crim. App. 1895) (full pardon restores rights of jury service and suffrage). *Black's Law Dictionary* defines *pardon* as "[a]n executive action that mitigates or sets aside punishment for a crime" and "restores the rights and privileges forfeited on account of the offense." BLACK'S LAW DICTIONARY 1113 (6th ed. 1990).

---

(footnote continued)

him. The judge may dismiss the proceedings and discharge the defendant prior to the expiration of the term of community supervision if in the judge's opinion the best interest of society and the defendant will be served. *A dismissal and discharge under this section may not be deemed a conviction for the purposes of disqualifications or disabilities imposed by law for conviction of an offense*, except that:

(1) upon conviction of a subsequent offense, the fact that the defendant had previously received community supervision with a deferred adjudication of guilt shall be admissible before the court or jury to be considered on the issue of penalty;

(2) if the defendant is an applicant for a license or is a licensee under Chapter 42, Human Resources Code, the Texas Department of Human Services may consider the fact that the defendant previously has received community supervision with a deferred adjudication of guilt under this section in issuing, renewing, denying, or revoking a license under that chapter; and

(3) if the defendant is a person who has applied for registration to provide mental health or medical services for the rehabilitation of sex offenders, the Interagency Council on Sex Offender Treatment may consider the fact that the defendant has received probation under this section in issuing, renewing, denying, or revoking a license or registration issued by that council.

Code Crim. Proc. art. 42.12, § 5(c) (emphasis added).

[4]Texas no longer follows the common-law rule that conviction of an infamous crime renders the defendant incompetent to testify. *See* 24 TEX. JUR. 3D *Criminal Law* § 3213 (1982).

A pardon does not, however, "'obliterate the fact of the commission of the crime and the conviction therefor; it does not wash out the moral stain,'" *Jones*, 147 S.W.2d at 510 (quoting 46 C.J. *Pardons* § 32, at 1193 (1928)); *accord Ex parte Smith*, 548 S.W.2d 410, 414 (Tex. Crim. App. 1977), *overruled on other grounds by Ex parte Blume*, 618 S.W.2d 373, 376 (Tex. Crim. App. 1981), unless the pardon is based on actual innocence, *see Logan v. State*, 448 S.W.2d 462, 464 (Tex. Crim. App. 1969) (there would be no offense if pardon was based on finding of innocence). A prior conviction may be offered in evidence in a subsequent prosecution for the purpose of enhancement of punishment, *id.* at 511-12; *see* Penal Code § 12.42, or to bar statutory eligibility for probation consideration, *Watkins v. State*, 572 S.W.2d 339, 343 (Tex. Crim. App. 1973); *see* Code Crim. Proc. art. 42.12, § 4(e), regardless of the fact that the defendant has received a full pardon.[5] Similarly, a prior conviction that has been pardoned for any reason other than innocence is available to deny bail under Texas Constitution article I, section 11-A, *Ex parte Smith*, 548 S.W.2d at 414, or to prove the offenses of possession of firearms by a convicted felon, *Runo v. State*, 556 S.W.2d 808, 809 (Tex. Crim. App. 1977), and possession of burglary tools by a convicted felon, *Logan v. State*, 448 S.W.2d at 463-64. Furthermore, a felon who testifies may be subject to impeachment by proof of his conviction even if he has been pardoned, *Sipanek v. State*, 272 S.W. 141, 142 (Tex. Crim. App. 1925); *see* Tex. R. Crim. Evid. 609, unless he shows that the pardon was granted on the ground of innocence or total reformation, *Bennett v. State*, 5 S.W. 527, 529 (Tex. App. 1887). In the absence of such a showing, a pardon "does not change the common-law principle that the conviction of an infamous offense is evidence of bad character for truth." *Id.* Finally, a pardon will not restore the office of attorney to a person who has been disbarred because of a prior conviction or restore the good character that the person must possess to be admitted to the bar. *Hankamer v. Templin*, 187 S.W.2d 549, 550 (Tex. 1945).[6]

The foregoing authorities show that a pardon that is not based on a finding of innocence may reach only the punishments, penalties, disabilities, and disqualifications that the law would attach to the pardoned conviction. Such a pardon neither affects the penal consequences of any subsequent offenses nor restores a person's reputation or good character. *Jones*, 147 S.W.2d at 510-11.

Therefore, to the extent that the law permits the fact of a prior conviction to be considered (1) in assessing the penal consequences of a subsequent offense or (2) in determining whether the person possesses the good character required for licensing in a position of responsibility and trust, the governor has no power to intervene by granting

---

[5] The dictum of the Texas Court of Criminal Appeals in *Logan v. State*, 448 S.W.2d 462, that "there would be no offense" if a pardon was based on the executive's finding of actual innocence, *id.* at 464, suggests that the rule stated in the preceding textual sentence will not apply in the case of such a pardon. As we said in note 2 above, however, we assume your predecessor does not inquire about pardons based on innocence, and we do not decide that question.

[6] *See supra* note 5.

such a pardon. The provision in subsection (c)(1) of section 5 of article 42.12 is of the former nature; that subsection merely authorizes consideration of the prior conviction in assessing the penal consequences of a subsequent offense. The provisions of subsections (c)(2) and (c)(3) are of the latter nature; those provisions are merely limited grants of authority to consider the fact of the defendant's prior guilt when that guilt is relevant to the defendant's character. None of the provisions in subsection (c) constitute continuing penalties or disabilities.

Because nothing remains to be pardoned after charges are dismissed and the defendant is discharged pursuant to subsection (c), we are of the opinion that any purported pardon of an offense issued after dismissal and discharge would be a nullity for lack of an object. *Cf. Miller*, 79 S.W. at 567-68 (governor may extend clemency even after service of sentence on felony conviction because such conviction continues to deprive defendant of certain civil rights even after expiration of sentence).[7] Therefore, a defendant who has been discharged under subsection (c) is not eligible for consideration for a pardon.

In closing, we note that an arrest that leads to prosecution, deferred adjudication, and ultimately dismissal of charges is not a legal disability. The fact that a person has been arrested may be embarrassing and may cause problems such as difficulty in obtaining employment, and it may be true that expunction of the record of arrest would be of great benefit to the person. Nevertheless, an arrest is not a punishment or legal disability arising from a conviction. Article 55.01 of the Code of Criminal Procedure grants a right of expunction of arrest records and files when a person has been convicted and then pardoned, but it does not empower the governor to pardon an arrest.[8]

---

[7]The classification of pardon applicants in the board's regulations appears to be based on the assumption that the applicant not only has been convicted but also still suffers continuing punishment or legal disability. *See* 37 T.A.C. §§ 143.3 (prisoner who has been on parole for at least 12 months), .4 (parolee who has discharged sentence), .5 (person who has discharged felony prison sentence), .6 (inmate currently in prison), .8 (felony convict under suspended sentence), .9 (felony convict under sentence of probation), .10 (person convicted of misdemeanor), .12 (person seeking restoration of firearm rights lost as result of prior conviction).

[8]The legislature, should it so desire, may enact a provision permitting expunction of the arrest records and files of a person who has been discharged pursuant to article 42.12, section 5(c).

## S U M M A R Y

A person who has successfully completed deferred adjudication community supervision and who has been discharged after dismissal of charges pursuant to section 5(c) of article 42.12 of the Code of Criminal Procedure is not eligible to apply to the Board of Pardons and Paroles for a pardon for the crime of which the person was found guilty, for such a person has no legal disabilities or disqualifications resulting from the deferred adjudication that are subject to remission by pardon.

Yours very truly,

**DAN MORALES**
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by James B. Pinson
Assistant Attorney General