**Allen Edward RUNO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55138.**

Court of Criminal Appeals of Texas.

Oct. 5, 1977.

Appellant's Motions for Rehearing Denied Nov. 2, 1977.

Joe L. Price, Trinity, for appellant.

Jerry A. Sandel, Dist. Atty., Huntsville, for the State.

## OPINION

GREEN, Commissioner.

In a trial before the court on a plea of guilty appellant was convicted of possession of a firearm by a felon. See V.T.C.A. Penal Code, Section 46.05. Punishment was assessed by the court at five years.

The record reflects that on January 22, 1976 Huntsville Police Detective Dennis Johnston stopped appellant's automobile on a Huntsville street and arrested appellant pursuant to warrant issued January 21, 1976 in conjunction with appellant's indictment by the Walker County grand jury. Appellant was placed in a patrol car and Johnston made an "inventory" search of appellant's car prior to having it towed away by a wrecker service. As a result of the search Johnston found two pistols under the front seats of appellant's car.

Appellant's subsequent indictment by the Walker County grand jury under V.T.C.A. Penal Code, Section 46.05, alleged in part that appellant

". . . did then and there unlawfully, intentionally and knowingly possess a firearm, to wit: (1) Colt Python .357 Revolver away from the premises where he lived; and prior to the commission of said act, the said Allen Edward Runo was duly and legally convicted of the felony offense of Robbery by Assault, being a felony involving an act of violence to a person, to-wit . . . ."[1]

V.T.C.A. Penal Code, Section 46.05 provides:

"(a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possessed a firearm away from the premises where he lives."

In ground of error number one appellant contends that his unconditional pardon from the 1960 robbery by assault conviction relied on in the instant indictment prohibited his subsequent prosecution and conviction under V.T.C.A. Penal Code, Section 46.05.

The record reflects that prior to entering a plea of guilty appellant filed a motion to dismiss the prosecution. The motion alleged that in November 1972 appellant received an unconditional pardon from the robbery by assault conviction relied on in the instant indictment and that by virtue of the pardon he could not "be considered an ex-felon in the sense that it is used in V.T.C.A. Penal Code, Section 46.05." The State stipulated that appellant had received "a full and unconditional pardon and restoration of full civil rights of citizenship," but the document evidencing the pardon was not placed in evidence and is not contained in the record before us on appeal. Appellant's motion to dismiss was overruled by the trial court.

In *Ex parte Smith*, 548 S.W.2d 410, we stated:

"The second enhancement paragraph of the indictment alleges that appellant was convicted in Cause No. 3158 in the 82nd District Court of Falls County in 1952 of accomplice to robbery with firearms. Appellant contends his subsequent pardon of the offense precludes the use of this conviction to deny bail.

"It was held in *Jones v. State*, 141 Tex. Cr.R. 70, 147 S.W.2d 508 (1941), and *Logan v. State*, 448 S.W.2d 462 (Tex.Cr.App. 1970), that a pardon for any reason other than subsequent proof of innocence does not obliterate the defendant's conviction. Rather, it merely serves to restore his civil rights. See also *Gurleski v. United States*, 405 F.2d 253 (5th Cir. 1968). Thus, the conviction in Falls County is available to deny bail under the constitutional provision. Ground of error number four is overruled."

■ In the instant case, the pardon papers were not made part of the record and there is no evidence in the record to show that appellant's pardon was based upon the Governor's finding that appellant was innocent of the robbery by assault offense for which he was pardoned. Absent such a showing, the prior conviction for a felony

---

1. The omitted portion includes a detailed statement of the prior felony conviction.

810

was properly admitted as evidence that appellant had been convicted of a felony involving an act of violence, V.T.C.A. Penal Code, Sec. 46.05, supra.

Ground of error one is overruled.

In ground of error two appellant contends that V.T.C.A. Penal Code, Section 46.05(a), supra, "is unconstitutional in that it is vague, over broad [and therefore] denies due process and infringes upon one's right to bear arms . . . as protected by the Constitutions of the State of Texas and the United States."

 We observe that appellant fails to cite any authority in support of his contention that Section 46.05(a) is unconstitutional as "vague and overbroad," nor does appellant explain in what manner 46.05(a) is vague or overbroad. Moreover, we find that V.T.C.A. Penal Code, Section 46.05(a) is not void for vagueness because it gives "a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute" and "it does not encourage arbitrary and erratic arrests and convictions." See *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972).

Appellant's contention that Sec. 46.-05(a) is void since it is in conflict with the constitutional right to keep and bear arms was decided adversely to him in *McGuire v. State*, Tex.Cr.App., 537 S.W.2d 26, and *Milligan v. State*, Tex.Cr.App., 554 S.W.2d 192 (1977). Accordingly, ground of error two is overruled.

In appellant's final ground of error he contends that the search of his automobile constituted an unreasonable search and seizure.

Our examination of the record reflects that on June 24, 1976 the trial court admonished appellant in compliance with Art. 26.-13, V.A.C.C.P., of the consequences of a plea of guilty. Appellant acknowledged that he understood the statutory admonitions and entered a voluntary plea of guilty to the offense of possession of a firearm by a felon.

It is well settled that where a plea of guilty is voluntarily and understandingly made all non-jurisdictional defects are waived including the evidence seized as the result of an allegedly illegal search and seizure. *Helms v. State*, Tex.Cr.App., 484 S.W.2d 925; *Cantu v. State*, Tex.Cr.App., 546 S.W.2d 621.

Appellant's guilty plea having been voluntarily and understandingly made after proper statutory admonitions by the trial court, error, if any, in admitting illegally seized evidence was waived. *Helms v. State*, supra; *Cantu v. State*, supra.

Ground of error three is overruled.

The judgment is affirmed.

Opinion approved by the Court.