Bobby Steve McKELVEY, Appellant,

v.

The STATE of Texas, Appellee.

No. 58608.

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

Michael M. Phillips, Angleton, for appellant.

Carol S. Vance, Dist. Atty., Calvin A. Hartmann and William E. Taylor, Asst. Dist. Attys., Houston, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

TOM G. DAVIS, Judge.

Appeal is taken from a conviction for possession of a controlled substance, to-wit: heroin. Art. 4476–15, Sec. 4.04, V.A.C.S. The court assessed punishment at three years.

The record reflects that appellant entered a plea of guilty on November 18, 1976. The court found the appellant guilty at that time but did not assess punishment or rule on appellant's motion for probation. The hearing was recessed until December 17, 1976, so that a presentence investigation could be conducted. On December 17, 1976, the court reconvened, hearing oral testimony from the appellant's wife, father, mother, father-in-law, and finally the appellant. The court assessed punishment at three years. The sentence was then immediately pronounced. No motion for new trial was filed at that time.

After the filing of appellant's brief in the trial court, the trial court on October 20, 1977, resentenced the appellant over the objection of his newly retained counsel. It also appears that a motion for new trial was filed on October 20, 1977, although the record fails to show either a ruling or a hearing on the motion.

■ Appellant initially complains that he was improperly sentenced on December 17, 1976. Article 42.03, Sec. 1, provides that sentence "shall be pronounced . . . at any time after the expiration of the time allowed for making the motion for a new trial or the motion in arrest of judgment." See Art. 40.05, V.A.C.C.P., and Art. 41.02, V.A.C.C.P. The docket sheet in the instant case reflects a stamped entry on December 17, 1976, "ten days time waived." We have examined the transcription of the court reporter's notes of the hearing on December 17, 1976, and find no support for this form entry. In *Faurie v. State*, 528 S.W.2d 263 (Tex.Cr.App.1975), this Court held that a

docket sheet entry "waived time" was insufficient to show that sentence had not been prematurely pronounced.

■ The decisions of this Court clearly establish that where sentence is pronounced prematurely or in untimely manner the jurisdiction of this Court is not invoked and the appeal must be dismissed. *Means v. State*, 552 S.W.2d 166 (Tex.Cr.App.1977); *Carpenter v. State*, 541 S.W.2d 446 (Tex.Cr. App.1976); *Woods v. State*, 532 S.W.2d 608 (Tex.Cr.App.1976), and cases therein cited. It should be noted, however, that in *Ex parte Shields*, 550 S.W.2d 670 (Tex.Cr.App. 1977), we held that such a sentence is merely voidable rather than void. It is clear, therefore, that the sentence pronounced on December 17, 1976, was premature.

■ The appellant next contends that the trial court erred when it resentenced him on October 20, 1977, over his objection. It appears to be appellant's position that since the record had been approved and he had already filed a brief in the trial court, the trial court lacked all power to take any action other than the granting of a new trial. See Art. 40.09, Sec. 12, V.A.C.C.P. The fallacy in appellant's argument is that because the sentence was prematurely pronounced on December 17, 1976, jurisdiction of this Court could never be invoked. His reliance on Art. 40.09, Sec. 12, V.A.C.C.P., is misplaced. In each of the above-cited cases where this Court has found the sentence to have been improperly pronounced, the appeal was dismissed to allow for proper pronouncement of sentence. In the instant case, it appears that the trial court took prompt, corrective action by timely sentencing appellant while it still had jurisdiction of this cause.

The record reflects that appellant filed a motion for new trial on October 20, 1977. The record does not show that a hearing was ever held or that the trial court ever acted on this motion. A proper judgment was entered on December 17, 1976. See Art. 42.01, V.A.C.C.P. A motion for new trial should have been filed within ten days of December 17, 1976. See Art. 40.05, V.A.

C.C.P. No hearing was ever held on this untimely motion for new trial. See *Clopton v. State*, 563 S.W.2d 930 (Tex.Cr.App.1978). We find the sentence pronounced on October 20, 1977, to be sufficient to invoke this Court's jurisdiction.

■ Appellant next contends that the State failed to perform its part of an alleged plea bargain.

The record contains a written stipulation which recites that a plea agreement was reached between counsel for the appellant and counsel for the State on November 18, 1976, the terms of this agreement being that if the appellant would enter a plea of guilty, the State would make no recommendation as to punishment and that the State would not oppose granting probation of the punishment assessed.

We have carefully examined the record and find no indication that the State has breached the plain terms of this agreement. The docket sheet contains the notation in the judge's handwriting "no recommendation" as to punishment.

Appellant contends that the State's cross-examination of the appellant's wife "was calculated to be adversarial" as was its cross-examination of appellant's father. It appears to be appellant's position that the State breached its plea bargain by "adversarial" cross-examination. The appellant also argues that the State had an affirmative duty to make known to the court that it would not oppose the granting of probation.

At the time the trial court accepted appellant's plea of guilty, he carefully admonished the appellant "that this Court is not bound by any recommendations or agreements whatsoever? Do you understand that?" The appellant replied, "Yes, sir." It should be noted that appellant's plea of guilty was entered and punishment was assessed over eight months prior to the recent amendment to Art. 26.13, V.A.C.C.P., which now provides that where the trial court rejects a plea bargain the defendant is per-

mitted an opportunity to withdraw his plea of guilty.[1]

The problems presented in this case, both procedural and substantive, typify the problems described by the concurring opinion in *Bean v. State*, 563 S.W.2d 819 (Tex.Cr.App. 1978), where it was observed:

> "Records coming before this Court, particularly from Harris County, have demonstrated a growing tendency to bifurcate these proceedings. [pleas of guilty] In most of these cases the punishment is not assessed at the time of the guilty plea and the cases have been reset for the purpose of obtaining a pre-sentence investigation. At the second hearing, instead of the court passing on the issue of probation, the courts have been permitting the defense to reopen and present evidence as to the facts surrounding the offense as well as presenting reputation witnesses. The State often counters with other evidence concerning the offense."

As this Court made clear in *Thom v. State*, 563 S.W.2d 618 (Tex.Cr.App.1978): "There is no bifurcated trial at a plea of guilty."

We find no breach of the State's plea agreement by their manner of cross-examination of the witnesses that testified on December 17, 1976. The State agreed to make no recommendation. The record clearly reflects that they made no recommendation as to punishment. The State agreed "not to oppose probation." The record reflects that the State carried out this part of the bargain. A recommendation to "not oppose probation" cannot be unilaterally converted by the appellant into an agreement to affirmatively recommend probation for him. *Cf. Nunez v. State*, 565 S.W.2d 536 (Tex.Cr.App.1978).

Appellant's contentions with respect to a broken plea bargain are rejected.

██ Appellant finally contends that he was denied effective assistance of counsel at the time of the entry of his guilty plea because the stipulated evidence allegedly shows a violation of his Fourth Amendment rights against search and seizure. It appears to be appellant's contention that the summaries of the police reports which form part of the stipulation of evidence raise a question as to the reliability of the informant, thereby showing a violation of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Appellant's plea of guilty waived all nonjurisdictional defects. *Cantu v. State*, 546 S.W.2d 621 (Tex.Cr.App. 1977); *Helms v. State*, 484 S.W.2d 925 (Tex. Cr.App.1972). On the basis of the present record, appellant has failed to demonstrate that he received ineffective assistance of counsel.

The judgment is affirmed.

---

1. See Acts 1977, 65th Leg., p. 748, ch. 280, Sec. 1, eff. August 29, 1977.