**Warren WELLS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 56210.**

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 14, 1979.

Elmo R. Willard, III, Beaumont, for appellant.

Tom Hanna, Dist. Atty. and John R. DeWitt, Asst. Dist. Atty., Beaumont, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for robbery. Punishment was assessed at eight years' imprisonment. See V.T.C.A., Penal Code, Sections 29.02(a)(2), (b) and 12.42(b).

Appellant's first ground of error complains of the trial court's failure to grant his motion to quash this indictment based on his contention that because Section 29.-02(a) refers to Chapter 31 of the Penal Code in defining theft, the statute is vague, indefinite, and void. In his terms such internal statutory references create an "interpretative monstrosity." Appellant's brief at Page 9. We believe that this "interpretative monstrosity" is of counsel's own making.

 Although the constitutionality of this statute has never been expressly ruled upon by this Court, appellant's contention is "strained [and] near-frivolous." See *Colten v. Kentucky*, 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584 (1972); *McMorris v. State*, Tex. Cr.App., 516 S.W.2d 927. The latter case dealt with the constitutionality of a statute which provided, in pertinent part, that "a person who uses or exhibits a firearm in resisting any lawful arrest, apprehension, or investigation by a peace officer is guilty of a felony." Article 341(b), V.A.P.C. (1925). A similar contention was advanced by the appellant in *Bates v. State* (No. 58,338, January 10, 1979), with regard to V.T.C.A., Penal Code, Section 36.02. A statute is void for vagueness if it fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. See *Papachristou v. City of Jacksonville*, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972); *United States v. Harriss*, 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1953). If the statute encourages arbitrary and erratic arrests and convictions, it is also void for vagueness. See *Papachristou v. City of Jacksonville*, supra; *Thornhill v. Alabama*, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093 (1940); *Herndon v. Lowry*, 301 U.S. 242, 57 S.Ct. 732, 81 L.Ed. 1066 (1937).

V.T.C.A., Penal Code, Section 29.02(a)(2) provides:

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 of this code and with intent to obtain or maintain control of the property, he: . . .

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.

V.T.C.A., Penal Code, Section 29.01(1) provides:

(1) "In the course of committing theft" means conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft.

V.T.C.A., Penal Code, Section 31.03(a) provides:

(a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

These provisions, when read in conjunction, "clearly furnish adequate warning to anyone of ordinary intelligence that the kind of conduct embarked on by appellant[s] would constitute an offense." *Mutscher v. State*, Tex.Cr.App., 514 S.W.2d 905 at 916 (constitutionality of Article 159, V.A.P.C. [1925]). It is readily apparent, from a review of the applicable statutes, what conduct is prohibited by the statutes and that the statutes' application is appropriately restricted so as not to result in arbitrary and erratic convictions. We therefore hold that V.T.C.A., Penal Code, Section 29.02(a)(2) is not unconstitutionally vague or indefinite. See *Connally v. General Construction Company*, 269 U.S. 385, 46 S.Ct. 126, 70 L.Ed. 322 (1925); accord *Earl v. State*, Tex.Cr.App., 514 S.W.2d 273; *Watts v. State*, Tex.Cr.App., 516 S.W.2d 414; and *Johnson v. State*, Tex.Cr.App., 541 S.W.2d 185. Appellant's first ground of error is overruled.

Appellant's second ground of error complains that the trial court committed reversible error by permitting this case to proceed under the general robbery statute when the more specific criminal attempt statute (V.T.C.A., Penal Code, Section 15.-01) should have controlled. Appellant's position is based on the proposition that since there was no completed theft, the State was precluded from prosecuting the appellant under the robbery provisions discussed above. Since V.T.C.A., Penal Code, Section 29.02 is much more specific than V.T.C.A., Penal Code, Section 15.01, appellant's contention falls of its own weight. It does not merit further discussion. Appellant's second ground of error is overruled.

Appellant complains in his third ground of error that the trial court reversibly erred in not sustaining his motion for instructed verdict or restructuring the court's charge to submit only the offense of attempted robbery to the jury. At the outset we note that appellant's ground of error is clearly multifarious in violation of Article 40.09(9), V.A.C.C.P. The arguments set forth under appellant's third ground of error demonstrate unequivocally that his contentions are multifarious. Further, there are no references to portions of the record in support of any of the multifarious issues raised. See *Rodriquez v. State*, Tex.Cr. App., 530 S.W.2d 944; *Noah v. State*, Tex. Cr.App., 495 S.W.2d 260; *Langham v. State*, Tex.Cr.App., 473 S.W.2d 515. Further, from a review of this record, all the multifarious contentions of the appellant are clearly without merit or are not properly preserved. *Church v. State*, Tex.Cr.App., 552 S.W.2d 138. Appellant's third ground of error is overruled.

There being no reversible error, the judgment is affirmed.