Sherman WHEELER, Appellant,

v.

The STATE of Texas, Appellee.

No. 66947.

Court of Criminal Appeals of Texas, Panel No. 3.

March 10, 1982.

Gary Hill, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and R. Bradford Stiles, Asst. Dist. Atty., El Paso, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

This is an appeal from a conviction for committing the offense of possession of the controlled substance heroin. Following appellant's plea of guilty, the jury assessed his punishment at ten years' confinement in the penitentiary.

Appellant's sole contention on appeal is that the trial court erred when it failed to grant his pre-trial motion to suppress the heroin, the possession of which caused his conviction. Appellant claims there was no probable cause for his detention and subsequent formal arrest by El Paso police department narcotic officers; thus, he reasons, the seizure of the heroin was unlawful. After a hearing was held on appellant's motion to suppress the trial court denied the motion.

The cause thereafter came on for trial *before a jury* on appellant's plea of not guilty. However, after a jury was selected, appellant changed his plea to guilty and he was thereafter properly admonished by the trial court. See Art. 26.13, V.A.C.C.P., hereinafter cited as C.C.P. As to the possible appeal of the cause, regarding the motion to suppress, the record reflects only the following:

THE COURT: Do you understand that a guilty plea, of course, couldn't absolutely abrogate your right of appeal, but it would seriously impair your appellate situation; do you understand that as far as appealing the case? Do you understand that?

MR. HILL: *Your Honor, I have explained that to him, and we still have our probable cause from our hearing previously.*

THE COURT: *I understand that, but that matter was brought up before your plea.* But I want you to understand just as a matter of the structure of the lawsuit, a lot of things that you might be able to present on appeal, you are cut out by a plea of guilty; do you understand that? (Emphasis added.)

THE DEFENDANT: Yes, sir. I have talked to my attorney about it.

THE COURT: All right, I have to tell you anyway.

THE DEFENDANT: Yes, sir.

The State put on four witnesses: two testified concerning the facts of the case; a third, who was a chemist, testified that the contraband seized was heroin; and a fourth testified to the chain of custody of the exhibit.

Appellant also testified. On cross examination he admitted that he possessed the heroin but claimed he was only temporarily possessing it for his girlfriend. After argument by counsel and deliberations by the jury, the jury returned its verdict finding appellant guilty and assessed his punishment at ten years' confinement in the Texas Department of Corrections, as requested by the prosecutor in his jury argument.

■ Because appellant's plea of guilty was to a jury, we are unable to consider and review his contention that the trial court erred in failing to grant his motion to suppress the seized contraband, i.e., the heroin. His ground of error is accordingly overruled.

■ Art. 44.02, C.C.P., provides in pertinent part:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon either his plea of guilty or plea of nolo contendere *before the court and the court*, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. . . . (Emphasis added.)

By its very terms, Art. 44.02, C.C.P., is limited to those factual situations where the record affirmatively shows that the defendant entered a plea of guilty or a plea of nolo contendere *to the trial court and* also shows the following: "(1) existence of a plea bargaining agreement with the State; (2) punishment assessed by the trial court at or within that recommended by the prosecutor and agreed to personally by the defendant; (3) the basis of the appellate ground of error has been presented in writing, pretrial, to the trial court for consideration OR the trial court has given permission to pursue an appeal in general or upon specific contentions. Absent the showing of all three of these jurisdictional requisites there is no power extant in this Court to take cognizance of issues 'appealed' by appellants so situated." *Galitz v. State*, 617 S.W.2d 949, 951–52 (Tex.Cr.App.1981). See also *Craven v. State*, 613 S.W.2d 488, 489 (Tex.Cr.App.1981).

Thus, Art. 44.02, *supra*, only applies where a defendant enters a plea of guilty or nolo contendere to the trial court and the record affirmatively shows compliance with the above requisites, *Galitz*, supra.

■ Art. 44.02, *supra*, is not applicable where the defendant enters a plea of guilty or nolo contendere to a jury, even where the above requisites have been satisfied. This Court has uniformly held that a plea of guilty or nolo contendere that is made to a jury waives any objection to an illegal search and seizure. See, for example, *Durham v. State*, 466 S.W.2d 758 (Tex.Cr.App. 1971). If a plea of guilty or nolo contendere is voluntarily and understandingly made it is conclusive to the defendant's guilt and the defendant waives all non-jurisdictional defects, including claimed deprivations of federal constitutional due process and state due course of law. *Fierro v. State*, 437 S.W.2d 833 (Tex.Cr.App.1969), and cases cited therein. See also, Plea Bargaining and Guilty Pleas, by James E. Bond (Clark Boardman Co., Ltd., New York, New York, 1978), Sec. 7.21[1], at page 356. See also *Hoskins v. State*, 425 S.W.2d 835, 829 (Tex.Cr.App.1968); *Cantu v. State*, 546 S.W.2d 621, 621–22 (Tex.Cr.App.1977).

■■ Where there is a plea of guilty or nolo contendere to a jury the sole and only

issue on appeal is whether there has been compliance with Art. 1.15, C.C.P., and Art. 26.13, C.C.P.[1] A defendant who pleads guilty or nolo contendere to a jury is foreclosed from attacking his conviction collaterally on grounds of an illegal arrest or unlawful search and seizure. It is only where the defendant brings himself within the confines of Art. 44.02, supra, that he may lawfully preserve error on a pre-trial motion to suppress. We, therefore, need not pass upon appellant's claim that the trial court erred in denying his pre-trial motion to suppress the evidence.

After carefully reviewing the record, we find full compliance with both Art. 1.15, *supra*, and Art. 26.13, *supra*.

We are, nevertheless, confronted with whether the appellant's plea of guilty was a voluntary, knowing and intelligent plea of guilty to the jury, and must also decide whether such cases as *Chavarria v. State*, 425 S.W.2d 822 (Tex.Cr.App.1968); *Killebrew v. State*, 464 S.W.2d 838 (Tex.Cr.App. 1971), are applicable to this cause.

We find after reviewing this record that it does not affirmatively show that the appellant's plea of guilty was entered with the understanding that the appellant was not waiving but preserving his right to appeal the trial court's ruling on the pre-trial motion to suppress. Thus, the above cases are not applicable to this cause. E.g., *Durham v. State*, supra.

 We find that the appellant's plea of guilty was voluntarily and understandingly made.

We therefore find that *Durham v. State*, supra and *Soto v. State*, 456 S.W.2d 389 (Tex.Cr.App.1970), are authority to dispose of appellant's contentions. Cf. *Crawford v. State*, 624 S.W.2d 906 (Tex.Cr.App.1981). In *Soto*, supra, this Court stated:

\*　　\*　　\*　　\*　　\*　　\*

... We need not pass upon this contention [that the heroin was unlawfully obtained], because, if a plea of guilty is voluntarily and understandingly made, it is conclusive as to the defendant's guilt and waives all non-jurisdictional defects including claimed deprivation of federal constitutional due process. (*Id.* at 390).

\*　　\*　　\*　　\*　　\*　　\*

See also *Helms v. State*, 484 S.W.2d 925 (Tex.Cr.App.1972).

There is yet another reason why appellant's claims regarding the motion to suppress hearing may not be considered. When appellant testified and admitted he possessed the heroin he foreclosed himself from later questioning the legality of the search. See, for example, *Downey v. State*, 505 S.W.2d 907 (Tex.Cr.App.1974); *Sims v. State*, 502 S.W.2d 730 (1973); *Palmer v. State*, 475 S.W.2d 797 (Tex.Cr.App.1972); *Boothe v. State*, 474 S.W.2d 219 (Tex.Cr. App.1972); and *Richardson v. State*, 458 S.W.2d 665 (Tex.Cr.App.1970).

The judgment is affirmed.

---

1. It is well established that a guilty plea to a felony charge before a jury admits the existence of all facts necessary to establish guilt, and in such cases the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in the jurors touching the penalty to be assessed. *Darden v. State*, 430 S.W.2d 494 (Tex.Cr.App. 1968).