Stephen Peter MORIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 69028.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 14, 1983.

Rehearing Denied Jan. 9, 1985.

Peter Torres, Jr., John Keith Alaniz, San Antonio, for appellant.

Sam D. Millsap, Jr., Dist. Atty. & Susan D. Reed, Steve Vacek and Alan E. Battaglia, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION

MILLER, Judge.

Appellant was indicted in Bexar County for the offense of capital murder. He was charged with the murder of Carrie Scott while in the course of committing robbery. After appellant's request for a change of venue was granted, the cause was transferred to Jefferson County. Appellant pled

guilty. The trial judge instructed the jury to return a verdict of guilty. After the jury complied, evidence was heard at the punishment state of trial. The jury answered the special issued affirmatively and appellant was sentenced to death. Appellant appeals on nine grounds of error. The sufficiency of the evidence is not challenged.

First, appellant contends that the trial court erred in overruling his motion to dismiss the indictment because: the grand jury failed to inquire into all offenses liable to indictment, acting instead as a rubberstamp for the District Attorney's office; appellant was denied an opportunity to appear before the grand jury; the indictment is vague and contradictory; and the indictment calls for a punishment that is contrary to the Eighth and Fourteenth Amendments to the United States Constitution because the punishment mandated is cruel and unusual.

Initially, appellant's ground of error is multifarious and presents nothing for review. Art. 40.09, V.A.C.C.P.. *Bodiford v. State*, 630 S.W.2d 847 (Tex.App.1982); *Wilson v. State*, 581 S.W.2d 661 (Tex.Cr.App. 1979); *Ely v. State*, 582 S.W.2d 416 (Tex. Cr.App.1979); *Wells v. State*, 576 S.W.2d 857 (Tex.Cr.App.1979). Given the gravity of the sentence, however, we shall deal with each of appellant's claims under his first ground of error.

■ Appellant's claim that the grand jury failed to inquire into all offenses liable but acted only as "a rubberstamp for the District Attorney's office" is without merit since the allegation is unsubstantiated by any reference to a transcription of the grand jury proceedings. Moreover, no evidence was offered at trial on the issue. We cannot accept as fact allegations in briefs or motions that are not supported by the record. Art. 40.09, V.A.C.C.P.; *Hawkins v. State*, 628 S.W.2d 71 (Tex.Cr.App. 1982), citing *Beck v. State*, 573 S.W.2d 786 (Tex.Cr.App.1978).

■ Appellant also complains that the court improperly denied him an opportunity to appear before the grand jury. An ac-

cused does not have the constitutional right to appear in person or by counsel before the grand jury. *Moczygemba v. State*, 532 S.W.2d 636, 638 (Tex.Cr.App.1976), and cases cited therein. Since appellant has no right to appear before the grand jury, the trial judge did not err in denying his request.

■ Next, appellant challenges the indictment as being vague and contradictory. He contends that the indictment is duplicitous since it alleges that the murder occurred while appellant was "committing and attempting to commit robbery." Faced with a similar indictment, we have previously resolved this issue adverse to appellant's claim. *Burns v. State*, 556 S.W.2d 270 (Tex.Cr.App.1977), cert. denied, 434 U.S. 935, 98 S.Ct. 422, 54 L.Ed.2d 294 (1977). Appellant also attacks the indictment because it fails to allege all of the elements of robbery. In *Livingston v. State*, 542 S.W.2d 655 (Tex.Cr.App.1976), cert. denied, 431 U.S. 933, 97 S.Ct. 2642, 53 L.Ed.2d 250 (1977), we held that under the new Penal Code, an indictment charging one offense during the commission of another crime need not allege the elements of the latter offense. *Id.*, 542 S.W.2d at 658, and cases cited therein.

■ Appellant's last attack on the indictment under his first ground of error is directed at the death penalty: he contends that the death penalty is cruel and unusual and is, therefore, contrary to the Eighth and Fourteenth Amendments to the United States Constitution. We rejected this contention in *Burns*, supra, and *Livingston*, supra, 542 S.W.2d at 662. The United States Supreme Court also rejected this contention in *Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), reh. denied, 429 U.S. 875, 97 S.Ct. 197, 50 L.Ed.2d 158 (1976). Accordingly, we overrule appellant's first ground of error.

■ In his second and third grounds of error, appellant alleges that the trial court erred in overruling his Motion to Suppress and in admitting the identification testimony of two witnesses because their testimony was tainted and based upon suggestive

identification procedures, i.e., appellant's picture had been seen on television by the witnesses prior to identification. Appellant's claim is without merit for two reasons. First, appellant waived any error committed regarding the identification testimony of the two witnesses. A plea of guilty, voluntarily and understandingly made, waives all nonjurisdictional defects, including deprivations of federal constitutional due process. *Wheeler v. State*, 628 S.W.2d 800 (Tex.Cr.App.1982); *Velasquez v. State*, 608 S.W.2d 674 (Tex.Cr.App.1980); *McKelvey v. State*, 570 S.W.2d 951 (Tex.Cr. App.1978); *Runo v. State*, 556 S.W.2d 808 (Tex.Cr.App.1977); *Cantu v. State*, 546 S.W.2d 621 (Tex.Cr.App.1977); *Helms v. State*, 484 S.W.2d 925 (Tex.Cr.App.1972). Moreover, error in admission of identification evidence is not jurisdictional in nature. *Ex Parte McWilliams*, 634 S.W.2d 815 (Tex.Cr.App.1982), cert. denied 32 Cr.L.R. 4098. Since appellant entered a plea of guilty, and the plea was made voluntarily and understandingly,[1] any error committed by the trial court regarding identification was waived.

■ Second, in addition to the identification testimony given by the two witnesses challenged by appellant, a third witness also identified appellant and placed him at the scene of the offense. Her testimony was not challenged. Under our holding in *Williams v. State*, 477 S.W.2d 885 (Tex.Cr. App.1972), any error committed by admission of the identification evidence elicited from the two witnesses, objected to by appellant, was rendered harmless when the third witness identified appellant without objection. Accordingly, we overrule appellant's second and third grounds of error.

In his fourth and fifth grounds of error, appellant contends that the trial court erred in directing and instructing the jury to return a verdict of guilty, and in denying appellant's requested instructions to the jury at the guilt stage of trial. Appellant claims that a directed verdict is prohibited in capital cases for three reasons. First, Art. 36.14, V.A.C.C.P., requires that "in each felony case ... the judge shall before the argument begins, deliver to the jury, except in pleas of guilty where a jury has been waived, a written charge distinctly setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence ...."[2] Since a jury cannot be waived in a capital case under Art. 1.13, V.A.C.C.P., the trial judge, according to appellant, commits fundamental error if he refuses to instruct the jury on the law and directs the jury to find the defendant guilty. Second, appellant contends that the trial court deprived appellant of a trial by jury because the court's instruction amounted to a jury waiver. Third, appellant contends that there is no procedure providing for the direction of a guilty verdict in capital cases under Texas laws.

■ Appellant's initial contention that since a jury cannot be waived in a capital case, Art. 36.14, V.A.C.C.P., requires that the judge instruct the jury on the law overlooks the fact that, in the instant case, the judge did instruct the jury on the law when he told them to return a verdict of guilt. The charge read to the jury indicated that appellant had pled guilty to the charge, that appellant was mentally competent, that the plea had been made freely and voluntarily, and that the court had received the plea. The charge also contained the statement "You are bound to receive the law from the Court which is herein given to you and be governed thereby." The record, therefore, shows compliance with Art. 36.14 in that the jury was given instruction on the law, applicable to the case,

---

1. Appellant has not challenged the plea entered before the trial court. We have made an independent examination of the record and determined that appellant's plea of guilty was made both voluntarily and understandingly. The trial judge advised appellant outside of the presence of the jury of the consequences of entering a plea and appellant's rights with regard thereto, on three separate occasions during trial. More-over, appellant's plea was supported by evidence in the record. The trial court, therefore, properly accepted appellant's plea. See Arts. 26.13, 27.13, V.A.C.C.P.; *Wheeler*, supra; *McKelvey*, supra; *Runo*, supra; *Cantu*, supra; *Helms*, supra.

2. Appellant's emphasis.

without comment on the weight of the evidence. *Fairfield v. State*, 610 S.W.2d 771, 780 (Tex.Cr.App.1981), and cases cited therein.

Appellant's claims that the judge's instructing action in a verdict deprived appellant of trial by jury and that instructed verdicts are not provided for in capital cases are also without merit. In *Crawford v. State*, 617 S.W.2d 925 (Tex.Cr. App.1980), cert. denied 452 U.S. 931, 101 S.Ct. 3067, 69 L.Ed.2d 431, reh. denied 453 U.S. 923, 101 S.Ct. 3160, 69 L.Ed.2d 1005 (1981), the defendant pled guilty to the offense of capital murder, the trial judge directed a verdict of guilt, and the jury subsequently assessed punishment at death. We noted no fundamental error in directing the verdict of guilt in the case, nor do we find such error now. A directed verdict, therefore, is permissible in capital cases where the defendant pleads guilty, and the plea is properly accepted by the court. Furthermore, the defendant is not deprived of a trial by jury when a verdict is directed pursuant to a guilty plea since the jury receives evidence at the punishment stage and must determine whether the defendant is to receive life imprisonment or the death penalty. Accordingly, appellant's fourth and fifth grounds of error are overruled.

In his sixth ground of error, appellant contends that the trial court erred in permitting the introduction into evidence of extraneous offenses involving the killing of Janna Bruce, the attempted killing of another person, and an assault on a third person, where appellant had not been convicted of any of these offenses. Appellant claims that the accused in a capital murder case is treated differently than others accused of non-capital offenses since Art. 37.-07, V.A.C.C.P., permits the State in capital cases to prove offenses not resulting in final convictions. Such varied treatment, according to appellant, is violative of equal protection guarantees provided under both the State and Federal Constitutions.

In *Williams v. State*, 622 S.W.2d 116 (Tex.Cr.App.1981), cert. denied 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982), we held that absent a showing of unfair surprise, proof of an unadjudicated, extraneous offense at the sentencing stage of a trial on a capital offense is admissible and does not deny a defendant due process and equal protection under the law. Since appellant has made no claim of unfair surprise, his sixth ground of error is overruled.

In his seventh ground of error, appellant contends that the trial court erred in admitting into evidence the photographs of Janna Bruce [3] in that such photographs were prejudicial and inflammatory and served no purpose except to inflame the minds of the jurors thus depriving appellant of a fair trial.

As a general rule, if a verbal description of an item portrayed in a photograph would be admissible, then so would the photograph which reflects the verbal testimony. *Kelly v. State*, 621 S.W.2d 176 (Tex.Cr.App.1981); *Heckert v. State*, 612 S.W.2d 549 (Tex.Cr.App.1981); *Luck v. State*, 588 S.W.2d 371 (Tex.Cr.App.1979); *Harrington v. State*, 547 S.W.2d 621 (Tex. Cr.App.1977); *Martin v. State*, 475 S.W.2d 265 (Tex.Cr.App.1972). Only where the probative value of the photograph is very slight and the inflammatory aspects very great will it be an abuse of discretion to admit the photograph. *Kelly*, supra; *Harrington*, supra; *Martin*, supra.

In the case at bar, evidence relating to the death of Bruce was admissible during the punishment stage of the trial. See discussion, supra. Moreover, the police officer who investigated the scene of Ms. Bruce's death testified as to what he saw at the scene of her death. He also stated that the photographs accurately portrayed that which he observed. Since the

---

**3.** Janna Bruce was not the victim of the instant offense. Her death, however, occurred a few days prior to the offense in the case before us.

verbal description of the scene was admissible, the photographs depicting the scene were also admissible. Also, we have examined the photographs and find that the trial judge did not abuse his discretion in admitting them over appellant's objection on the basis of undue prejudice. Appellant's seventh ground of error is overruled.

Appellant alleges in ground of error number eight that the trial court erred in overruling his request for instruction to the jury at the punishment stage of the trial regarding the definition of the term "deliberate."

■■■ In *Heckert,* supra 612 S.W.2d at 552, we stated that since the term "deliberately" has not been specially defined by statute, it is to be taken and understood in its usual acceptation in common language. In *King v. State,* 553 S.W.2d 105 (Tex.Cr.App.1977), we held that the term "deliberately" need not be defined in the charge to the jury during the punishment stage of a capital murder trial. Given that the trial judge need not define the term, the trial court in the case at bar did not err in overruling appellant's request for the definition. *Russell v. State,* 665 S.W.2d 771 (Tex.Cr.App., 1983). Appellant's eighth ground of error is overruled.

In appellant's last ground of error, he contends that there was insufficient evidence to support the jury's finding that appellant would be a continuing threat to society because the finding was contrary to the evidence that appellant had undergone a Christian conversion.

At the punishment state of trial, the State introduced evidence regarding the offense at bar and prior felonies and acts of violence committed by appellant in order to prove that he would be a continuing threat to society. The State showed that appellant had murdered Janna Bruce, stolen her car, and fled to San Antonio with his accomplice, Sara Clark, and Pamela Jackson. On December 6, 1981, approximately five days before the murder of Carrie Scott, appellant attempted to kill three persons. Evidence regarding the rape and sexual torture of a fourteen year old girl in California was introduced. The State also introduced final convictions held by appellant in three other states.

After the State presented its evidence, appellant called four witnesses. Each witness stated that appellant had undergone a Christian conversion.

■■■ The jury, as the trier of fact during the punishment stage of the trial, was entitled to assess the credibility of all witnesses. *Minx v. State,* 615 S.W.2d 748 (Tex.Cr.App.1981). We find that the evidence presented is sufficient to support the jury's determination that appellant would commit criminal acts of violence that would constitute a continuing threat to society. See *Villarreal v. State,* 576 S.W.2d 51 (Tex.Cr.App.1979), and cases cited at 65. Appellant's ninth ground of error is overruled.

Finding no reversible error, we affirm the judgment of the trial court.

CLINTON, J., dissents to ground of error # 8.

Before the court en banc.

OPINION DISSENTING TO DENIAL OF APPELLANT'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING WITHOUT WRITTEN OPINION

CLINTON, Judge.

The Court continues to compound the error of the decision in *Russell v. State,* 665 S.W.2d 771 (Tex.Cr.App.1983) by again refusing to reconsider the continued viability of *King v. State,* 553 S.W.2d 105 (Tex. Cr.App.1977) which held we need not provide instructional guidance to capital juries on the meaning and import of "deliberately" as employed in the first special punishment issue.

When written, the primary underpinning of *King* (that "deliberately" is a simple word of and by itself, and jurors know the common meaning of it) appeared to be sound; but developments over the intervening years have illuminated a need to recon-

sider that position. See *Russell,* supra, at 783, n. 8 (Opinion dissenting). Indeed, the Court has even acknowledged that to construe "intentionally" to be the equivalent of "deliberately" "would render Art. 37.-071(b)(1), [V.A.C.C.P.] a nullity. Under such a [construction the deliberateness question] would be a useless thing in that a finding of an intentional ... murder would be irreconcilable with a finding that the defendant's conduct was not committed deliberately." *Heckert v. State,* 612 S.W.2d 549, 550–551 (Tex.Cr.App.1981).

While this statement from *Heckert* is absolutely correct and unquestionably compelled by logic, it is ironic indeed that in the same year *King* was written, the Court noted in *Blansett v. State,* 556 S.W.2d 322, 327, n. 6 (Tex.Cr.App.1977) that a finding the killing was intentional *was* irreconcilable with the jury's negative answer on the deliberateness question.

If in 1977 the members of this Court believed "deliberateness" was the same thing as "intentional," all the collective legal training notwithstanding, how can we any longer seriously suggest that jurors, without the least bit of assistance, will, in every case *not* apply it the same way as *Blansett*—a way *Heckert* now acknowledges would be unconstitutional?

I can appreciate the fact that once a decision has been made, it is very difficult to reconsider it—particularly when to do so could invalidate a number of past convictions. But it seems to me that when we can clearly see a substantial error in past decisions which is rendering trials unfair and unconstitutional, that the alternative to correcting it ourselves is infinitely more disastrous to the finality and integrity of our capital convictions, as the consequences of *Adams v. Texas,* 448 U.S. 38, 100 S.Ct. 2521, 65 L.Ed.2d 581 (1980) and *Estelle v. Smith,* 451 U.S. 454, 101 S.Ct. 1866, 68 L.Ed.2d 359 (1981), should illustrate.

Rather than setting precedent which might invalidate some past capital convictions, the majority instead perpetuates precedent which risks invalidation of not only past convictions, but also every future capital conviction in which jury guidance on "deliberateness" is requested.

Many careful Texas trial judges and prosecutors protected the integrity of capital convictions in their courts by refusing to apply the V.T.C.A. Penal Code, § 12.-31(b) oath and the limitations announced in *Witherspoon v. Illinois*[1] as "separate and independent grounds for exclusion" of capital jurors in spite of the approval given by this Court,[2] simply because it was apparent to them that such an application was unconstitutional and unfair. Likewise, it behooves careful trial officials to exercise the same degree of independent thought in instructing capital juries on the import of "deliberateness." See *Williams v. State,* 674 S.W.2d 315, 322, n. 6 (Tex.Cr.App. 1984).

For the reasons stated in the dissenting opinion in *Russell,* supra, I remain convinced that the Court's refusal to reconsider this matter in light of experience and clear indications of confusion is resulting in an unconstitutional application of Article 37.071 in many capital cases.

I dissent.

TEAGUE, J., joins.

**1.** 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968).

**2.** See *Moore v. State,* 542 S.W.2d 664 (Tex.Cr. App.1976) and its progeny.