Johnny Tony Escobedo, Jr. v. The State of Texas

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-05-176-CR

JOHNNY TONY ESCOBEDO, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

A jury convicted Appellant Johnny Tony Escobedo, Jr. of violating a protective order.  He pled true to the enhancement allegations, and the trial court sentenced him to twelve years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  Because we hold that the evidence is sufficient to support the verdict and that the trial court did not err by instructing the jury on the applicable law, we affirm the trial court’s judgment.

In April 2002, the complainant, Appellant’s ex-wife, applied for a protective order.  Appellant appeared at the hearing with counsel and agreed upon the terms of the protective order.

The agreed protective order provides that Appellant is not to go within 200 yards of any residence of the complainant or the children in Tarrant County, Texas.  The agreed protective order additionally provides, “The Court also finds that the addresses and telephone numbers of the residence of [the complainant, the son, and the daughter] . . . should be excluded from this protective order pursuant to § 85.007, Texas Family Code, and it is so ORDERED.”

On January 6, 2004, the complainant and the children were living in Fort Worth with the complainant’s cousin.  Appellant called the complainant and harassed her.  She then left her cousin’s house and went to her mother’s house, leaving the children at the cousin’s home.  While the children were alone at the cousin’s home, the daughter heard a noise and found Appellant standing in the living room.  She asked Appellant to leave, and he refused.  The son heard the noise, went to the living room, and also told Appellant to leave.  The son then called his mother and told her that Appellant would not leave the house.  The complainant called the police from her mother’s house, but Appellant left before the police arrived.  Appellant was arrested, indicted, and ultimately convicted for violating the protective order.

In Appellant’s first point, he contends that the evidence is legally and factually insufficient to support the verdict because the indictment provides that Appellant violated the protective order by going to a “place [that] was specifically described in said order,” but the protective order specifically excludes a description of the complainant’s residential address other than the county thereof.  Therefore, Appellant argues, the State cannot prove all the elements of the indictment.

Section 25.07(a)(3)(A) of the Texas Penal Code provides in relevant part that “a person commits an offense if, in violation of an order issued under . . . Chapter 85, Family Code . . . , the person knowingly or intentionally . . . goes to or near . . . the following place[] as specifically described in the order:  . . . 

the residence . . . of a protected individual or a member of the family or household[.]”
(footnote: 2)  But section 25.07(f) provides that “[i]t is not a defense to prosecution under this section that certain information has been excluded, as provided by Section 85.007, Family Code, . . . from an order to which this section applies.”
(footnote: 3)  Consequently, we hold that the variance between the indictment and the proof is immaterial.
(footnote: 4)  As “only a ‘material’ variance will render the evidence insufficient,”
(footnote: 5) we overrule Appellant’s first point.

In his second point, Appellant contends that the trial court commented on the weight of the evidence by instructing the jury that it is not a defense to prosecution that certain information had been excluded from the protective order.
(footnote: 6)  Because the instruction was part of the law applicable to the case,
(footnote: 7) it was not a comment on the weight of the evidence.
(footnote: 8)  We overrule Appellant’s second point.

Having overruled both of Appellant’s points, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, GARDNER, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  July 13, 2006

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Tex. Penal Code Ann.
 § 25.07(a)(3)(A) (Vernon Supp. 2005).

3:
Id.
 § 25.07(f).

4:
See Gollihar v. State
, 46 S.W.3d 243, 257-58 (Tex. Crim. App. 2001).

5:
See id.
 at 257.

6:
See 
Tex. Penal Code Ann.
 § 25.07(f).

7:
See
 
Tex. Code Crim. Proc. Ann.
 art. 36.14 (Vernon Supp. 2005) (providing that the trial court shall charge the jury on “the law applicable to the case”).

8:
See Morin v. State
, 682 S.W.2d 265, 268-69 (Tex. Crim. App. 1983).