COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-05-176-CR

 

 

JOHNNY TONY ESCOBEDO, JR.                                             APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

           FROM
THE 372ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------








A jury convicted Appellant
Johnny Tony Escobedo, Jr. of violating a protective order.  He pled true to the enhancement allegations,
and the trial court sentenced him to twelve years= confinement in the Institutional Division of the Texas Department of
Criminal Justice.  Because we hold that
the evidence is sufficient to support the verdict and that the trial court did
not err by instructing the jury on the applicable law, we affirm the trial
court=s judgment.

In April 2002, the
complainant, Appellant=s ex-wife,
applied for a protective order. 
Appellant appeared at the hearing with counsel and agreed upon the terms
of the protective order.

The agreed protective order
provides that Appellant is not to go within 200 yards of any residence of the
complainant or the children in Tarrant County, Texas.  The agreed protective order additionally
provides, AThe Court
also finds that the addresses and telephone numbers of the residence of [the
complainant, the son, and the daughter] . . . should be excluded from this
protective order pursuant to ' 85.007, Texas Family Code, and it is so ORDERED.@








On January 6, 2004, the
complainant and the children were living in Fort Worth with the complainant=s cousin.  Appellant called the
complainant and harassed her.  She then
left her cousin=s house and
went to her mother=s house,
leaving the children at the cousin=s home.  While the children were
alone at the cousin=s home, the
daughter heard a noise and found Appellant standing in the living room.  She asked Appellant to leave, and he
refused.  The son heard the noise, went
to the living room, and also told Appellant to leave.  The son then called his mother and told her
that Appellant would not leave the house. 
The complainant called the police from her mother=s house, but Appellant left before the police arrived.  Appellant was arrested, indicted, and
ultimately convicted for violating the protective order.

In Appellant=s first point, he contends that the evidence is legally and factually
insufficient to support the verdict because the indictment provides that
Appellant violated the protective order by going to a Aplace [that] was specifically described in said order,@ but the protective order specifically excludes a description of the
complainant=s
residential address other than the county thereof.  Therefore, Appellant argues, the State cannot
prove all the elements of the indictment.

Section 25.07(a)(3)(A) of the
Texas Penal Code provides in relevant part that Aa person commits an offense if, in violation of an order issued under
. . . Chapter 85, Family Code . . . , the person knowingly or intentionally
. . . goes to or near . . . the following place[] as specifically described in
the order:  . . . 








the residence . . . of a protected individual or
a member of the family or household[.]@[2]  But section 25.07(f) provides
that A[i]t is not a defense to prosecution under this section that certain
information has been excluded, as provided by Section 85.007, Family Code, . .
. from an order to which this section applies.@[3]  Consequently, we hold that the
variance between the indictment and the proof is immaterial.[4]  As Aonly a >material= variance will render the evidence insufficient,@[5] we overrule Appellant=s first point.

In his second point,
Appellant contends that the trial court commented on the weight of the evidence
by instructing the jury that it is not a defense to prosecution that certain
information had been excluded from the protective order.[6]  Because the instruction was part of the law
applicable to the case,[7]
it was not a comment on the weight of the evidence.[8]  We overrule Appellant=s second point.

 

 

 

 








Having overruled both of
Appellant=s points, we
affirm the trial court=s judgment.

PER CURIAM

PANEL F:    DAUPHINOT, GARDNER,
and WALKER, JJ.

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  July 13, 2006

 











[1]See Tex.
R. App. P. 47.4.





[2]Tex. Penal
Code Ann. ' 25.07(a)(3)(A) (Vernon Supp.
2005).





[3]Id. ' 25.07(f).





[4]See Gollihar v. State, 46 S.W.3d 243, 257-58 (Tex. Crim.
App. 2001).





[5]See id. at 257.





[6]See Tex. Penal
Code Ann. ' 25.07(f).





[7]See Tex.
Code Crim. Proc. Ann. art. 36.14 (Vernon Supp. 2005) (providing that the
trial court shall charge the jury on Athe law applicable to the case@).





[8]See Morin v. State, 682 S.W.2d 265, 268-69 (Tex.
Crim. App. 1983).