In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-13-00038-CV
_____

IN RE COMMITMENT OF RANDOLPH LEE PUCKETT

_____

On Appeal from the 435th District Court
Montgomery County, Texas
Trial Cause No. 12-05-04916 CV

_____

MEMORANDUM OPINION

Randolph Lee Puckett challenges his civil commitment as a sexually violent predator. *See* Tex. Health & Safety Code Ann. §§ 841.001-.151 (West 2010 & Supp. 2013) (the SVP statute). Puckett raises four issues in his appeal, challenging the denial of Puckett's motion for a protective order against requests for admissions and the admission of his responses during the trial, the granting of a directed verdict that he is a repeat sexually violent offender, the admission of details about his sexual offenses, and the admission of testimony suggesting he

1

may have offended against other children. We conclude that Puckett's issues do not present reversible error, and we affirm the trial court's judgment.

Compelled Responses to Requests for Admission

In issue one, Puckett argues the trial court abused its discretion when it denied Puckett's request for protection from answering requests for admissions that required Puckett to admit or deny that in 1979 he pled guilty to and was convicted of indecency with a child by contact, that he was given a five-year sentence, and that he was incarcerated for the offense. The State read Puckett's responses into evidence at trial. The trial court subsequently granted the State's motion for a directed verdict on the issue of whether Puckett is a repeat sexually violent offender.

Puckett argues the State improperly used requests for admissions to compel him to admit elemental allegations denied through his general denial pursuant to Rule 92 of the Texas Rules of Civil Procedure. "The primary purpose of requests for admission is to simplify trials by eliminating matters about which there is no real controversy; to obviate in advance of trial, proof of obviously undisputed facts." *In re Commitment of Jackson*, No. 09-12-00291-CV, 2013 WL 5874446, at *1 (Tex. App.—Beaumont Oct. 31, 2013, no pet.) (mem. op.). The requests at issue in this appeal concerned ascertainable facts and arguably eliminated the need

2

for the State to prove the penitentiary packet contained Puckett's records, but the trial court did not order Puckett to admit a disputed fact or admit that he had no ground of defense. *See id.*; *see also Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996). Because requests for admission were not used improperly in this case, the trial court did not abuse its discretion when it denied Puckett's request for a protective order and allowed the State to read the admissions to the jury during the trial. We overrule issue one.

Granting Directed Verdict

In his second issue, Puckett contends that the trial court erred in granting the State's motion for a directed verdict that Puckett is a repeat violent sexual offender because the trial court's ruling violates the SVP statute's requirement that "[t]he judge or jury shall determine whether, beyond a reasonable doubt, the person is a sexually violent predator[]" and that "[a] jury determination that the person is a sexually violent predator must be by unanimous verdict." Tex. Health & Safety Code Ann. § 841.062. Puckett argues section 841.062 expresses legislative intent to employ the process for criminal prosecutions in civil commitment proceedings.

Directed verdicts for the State are not unheard-of in criminal law. Where a defendant enters a guilty plea before the jury, it is proper for the trial court to instruct the jury to return a verdict of guilty. *Holland v. State*, 761 S.W.2d 307, 313

3

(Tex. Crim. App. 1988). Where the defendant pleads guilty and the trial court accepts the plea, but the jury has not or cannot be waived, the proper procedure is for the trial court to direct a verdict of guilt and proceed with punishment. *Morin v. State*, 682 S.W.2d 265, 269 (Tex. Crim. App. 1983); *see also In re State ex rel. Tharp*, 393 S.W.3d 751, 758-59 (Tex. Crim. App. 2012) (where the State refuses to join the defendant's waiver of jury trial, and the defendant pleads guilty, the trial court must submit all relevant issues, including punishment, to the jury). The defendant is not deprived of a jury trial because the jury receives evidence on the disputed issues. *See Morin*, 682 S.W.2d at 269. Similarly, when a defendant pleads true to enhancement allegations, the trial court instructs the jury to render a verdict of true and assess punishment in the enhanced punishment range. *Urbano v. State*, 808 S.W.2d 519, 523 (Tex. App.—Houston [14th Dist.] 1991, no pet.). This is an analogous situation, in that Puckett admitted he is a repeat violent sexual offender. The trial court directed the jury to find that Puckett is a repeat violent sexual offender and submitted the disputed issue of behavioral abnormality to the jury.

Moreover, civil commitment proceedings under the SVP statute are generally subject to the rules of procedure for civil cases. *In re Commitment of Scott*, No. 09-11-00555-CV, 2012 WL 5289333, at *2 (Tex. App.—Beaumont Oct. 25, 2012, no pet.) (mem. op.). Section 841.062 requires a unanimous verdict but

4

does not expressly prohibit a directed verdict on issues that have been established as a matter of law. *See* Tex. Health & Safety Code Ann. § 841.062. In *Scott*, we decided that courts conducting trials under the SVP statute may follow the directed verdict procedure for civil cases, and consequently the trial court does not err in directing the jury to find that a person is a repeat sexually violent offender where the issue is conclusively established. *Scott*, 2012 WL 5289333, at \*2; *see also* Tex. R. Civ. P. 268. We decline to reconsider our holding in *Scott.* We overrule issue two.

Allowing Expert Testimony Regarding Details of Crimes

In issue three, Puckett contends the trial court abused its discretion in admitting into evidence before the jury the graphic details from the April 1976 indecency-with-a-child, the June 1979 kidnapping and, the June 1993 aggravated-sexual-assault-of-a-child criminal offenses Puckett committed against children. A psychiatrist, Dr. Lisa K. Clayton, provided expert testimony expressing her opinion that Puckett is a sexually violent predator. Puckett objected that Dr. Clayton's testimony was hearsay and that the underlying facts or data should be excluded as prejudicial and confusing. *See* Tex. R. Evid. 705(d). The trial court overruled the objections and instructed the jury that hearsay information contained in records

5

reviewed by experts is admitted only for showing the basis for the expert's opinion. *See id.*

Dr. Clayton stated the sex and age of the children and described what the records showed Puckett did to each child. Puckett argues the primary issue for the jury to resolve is whether Dr. Clayton was being truthful when she testified Puckett told her that after he committed the second offense he realized he was sexually aroused by little girls' vaginas and that because of this admission, Puckett met the criteria for pedophilia, or whether Puckett was being truthful when he denied telling Dr. Clayton that he had sexual fantasies about children. Dr. Clayton explained that the facts of Puckett's criminal offenses were significant to her findings concerning sexual deviance and pedophilia because they illustrate he cannot control his sexually violent urges to the point that he assaults young girls. Therefore, the details evidence had probative value beyond determining whether Dr. Clayton was being truthful about Puckett's statements to her during the interview.

Puckett argues the State did not have much need for details evidence because the jury heard other, less inflammatory evidence that the jury could have used to determine whether to accept Dr. Clayton's opinion that Puckett has a behavioral abnormality that makes him likely to engage in a predatory act of sexual

violence. However, Puckett does not identify the "less inflammatory" evidence regarding Puckett's lack of control over his sexually violent impulses in which he refers. The description of Puckett's sexual acts perpetrated on prepubescent children is inflammatory because it indicates the presence of deviant behavior and his inability to control his behavior, which persisted notwithstanding his incarceration. The evidence, therefore, is inflammatory for the very reason it is probative as a factual basis for the expert's opinion that Puckett has a behavioral abnormality that makes him likely to commit a predatory act of sexual violence. The trial court could reasonably conclude that the probative value of the evidence outweighed any danger the evidence would be used for a purpose other than as an explanation or support for the expert's opinion. *Id.*; *see also In re Commitment of Day*, 342 S.W.3d 193, 198-99 (Tex. App.—Beaumont 2011, pet. denied). We overrule issue three.

## Allowing Speculation

In issue four, Puckett contends the trial court "erred in admitting speculative testimony suggesting that [Puckett] may have committed numerous other unknown sex offenses against other children which the State never proved were even committed."

Puckett presented expert testimony from a psychologist, Dr. Marisa Mauro, that in her opinion, Puckett does not have a behavioral abnormality that makes him likely to engage in a predatory act of sexual violence. During her direct examination, Dr. Mauro mentioned that at times Puckett denied having committed indecency with a child and kidnapping and at other times, he admitted having committed one or both offenses. He did admit to committing the aggravated sexual assault that resulted in his most recent incarceration. Dr. Mauro did not diagnose Puckett with pedophilia. She testified that she disagreed with the diagnosis of the State's expert because that diagnosis was based on the two convictions that occurred more than six months apart, which alone was insufficient evidence in light of Puckett's large number of self-reported consensual encounters with adult women. Dr. Mauro testified there was little evidence to show that Puckett has recurring and intense desires for children. Dr. Mauro suggested that Puckett's behavior could be explained by opportunity, high sex drive, alcohol use, or curiosity. According to Dr. Mauro, Puckett received a "score of 2" on the Static-99R, placing him at low to moderate risk to reoffend, which Dr. Mauro stated represented a five percent recidivism rate over five years. Dr. Mauro also considered a study by Boccaccini that found recidivism rates for sexual offending were lower in Texas.

On cross-examination, Dr. Mauro agreed that she could not say for sure whether Puckett will sexually reoffend in the future. Over Puckett's objection to speculation, counsel for the State asked, "And you agree that sex offenses are often under-reported or not reported at all?" Dr. Mauro replied, "I think all offenses are – some can go unreported, some might be reported that didn't really happen and the same can be true for a sex offense." Counsel asked, "So do you agree that sex offenses are often under-reported?" Dr. Mauro disagreed with the qualifier "often" but agreed it is possible. Dr. Mauro agreed that, in evaluating an individual for a behavioral abnormality, important considerations include certain victim characteristics such as age, the number of sex offense convictions, the offender's entire criminal history, the offender's substance abuse history, and the presence of some personality disorders. Counsel for the State asked Dr. Mauro about specific factors she considered in evaluating Puckett but did not ask Dr. Mauro if she considered whether Puckett may have committed uncharged offenses.

"A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Tex R. Evid. 602. The trial court could determine that, as a psychologist testifying about the process of evaluating sex offenders for behavioral abnormality and explaining how certain statistical studies correlated to risk of recidivism, Dr.

9

Mauro possessed sufficient knowledge to answer the question. *See* Tex. R. Evid. 702, 703. Puckett's argument that by asking the questions the State suggested Puckett committed additional offenses against other children is not supported by the record, which shows counsel asked a general question that was not applied to Puckett as an individual. We overrule issue four and affirm the trial court's judgment.

AFFIRMED.

_____
CHARLES KREGER
Justice

Submitted on December 3, 2013
Opinion Delivered June 12, 2014

Before McKeithen, C.J., Kreger and Horton, JJ.